[Cite as *State v. Kinsinger*, 2015-Ohio-5309.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

       Appellee

v.

Rebecca Kinsinger

       Appellant

Court of Appeals No. L-15-1118

Trial Court No. CR0201402196

**<u>DECISION AND JUDGMENT</u>**

Decided: December 18, 2015

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Patricia S. Wardrop, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is an accelerated appeal from an April 30, 2015 judgment of the Lucas

County Court of Common Pleas, sentencing appellant to a 12-month term of

incarceration for violating the terms and conditions of the intervention in lieu program.

Appellant was placed on intervention in lieu on March 19, 2015, following appellant's plea to one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the fifth degree. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Rebecca Kinsinger, sets forth the following assignment of error:

A maximum sentence for a fifth degree, non-violent drug possession felony, where the offender has no significant criminal history, cannot be supported by clear and convincing evidence and is contrary to law.

{¶ 3} The following undisputed facts are relevant to this appeal. On July 28, 2014, appellant was indicted on one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the fifth degree. The record reflects that appellant requested and was granted three separate continuances of the case in the latter half of 2014. Ultimately, on December 9, 2014, counsel for appellant motioned the trial court pursuant to R.C. 2951.041 for intervention in lieu of conviction.

{¶ 4} In conjunction with the pending motion for intervention, appellant was referred to the Court Diagnostic and Treatment Center ("CDTC") to undergo an assessment. The case was scheduled for a pretrial hearing on January 8, 2015. On January 8, the matter was rescheduled based upon appellant's failure to appear at the requisite assessment for the intervention program. On February 10, 2015, the intervention in lieu motion hearing was continued at appellant's request. On February 19, 2015, appellant failed to appear at the rescheduled intervention in lieu

2.

motion hearing and the hearing was again continued. On February 24, 2015, appellant again failed to appear at the rescheduled hearing, the motion was denied, and the matter was referred for an investigation into bond condition violations. On February 26, 2015, a pretrial was held, the denial of the motion for intervention in lieu was vacated by the trial court, and the case was continued until March 5, 2015. On March 5, 2015, the motion for intervention in lieu hearing was again continued at appellant's request.

{¶ 5} On March 19, 2015, despite a context of continuances and the failure of appellant to appear at the CDTC assessment and several court hearings, the motion for intervention in lieu was granted. Appellant was furnished the opportunity of placement in the intervention in lieu program.

{¶ 6} At the March 19, 2015 hearing in which the trial court ruled favorably on appellant's motion, the trial court plainly conveyed to appellant in relevant part, "During the period of intervention in lieu you must abide by the laws of the state and this nation and * * * you shall abstain from the use of illicit drugs and alcohol." In response, appellant represented to the court in pertinent part, "I can do this. I can do this and care for my grandfather, I promise you. Please just give me a chance." The trial court granted the motion and furnished appellant that chance.

{¶ 7} Shortly after being placed into the intervention in lieu program, appellant was determined to be in breach of several mandatory conditions. Compliance with these conditions is imperative for the program to have a chance of success. Appellant failed to

3.

cease using illicit drugs and tested positive for continued drug use. In addition, appellant failed to report as required on several occasions to the program's day reporting meetings.

{¶ 8} On April 30, 2015, based upon appellant's admission to the above-referenced violations of the terms and conditions of intervention in lieu of conviction program occurring shortly after appellant was placed into it, appellant was found guilty of the underlying felony drug offense and was sentenced to a 12-month term of incarceration. This appeal ensued.

{¶ 9} In the sole assignment of error, appellant contends that the sentence imposed by the trial court on April 30, 2015, was unlawful. We do not concur.

{¶ 10} R.C. 2953.08(G)(2) governs appellate review of disputed felony sentences. Ohio's controlling statutory framework establishes that the standard of review is not whether the trial court abused its discretion. Rather, in order to determine whether an increase, reduction, modification, or vacation and remand of a disputed trial court felony sentence is required, the appellate court must determine whether there are any applicable statutory findings of the sentencing court that were not supported by the record or whether the sentence was otherwise contrary to law. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11.

{¶ 11} In support of the assignment of error, appellant contends that the trial court lacked the legal authority to impose a prison term in this case. R.C. 2929.13(B)(1)(a) establishes that trial courts shall impose community control rather than incarceration if specified prerequisite conditions are met. Appellant asserts that to be the factual scenario

4.

applicable in the instant case.  Appellant makes the unqualified contention to this court that, "Appellant meets each condition of the statute.  Thus, the trial court was without discretion to impose a prison term."

{¶ 12} Interestingly, appellant subsequently acknowledges that pursuant to R.C. 2929.13(B)(1)(b)(iii) the trial court is vested with the discretion to impose a prison term in cases where a defendant violated a term or condition and that appellant did so in this case.  Appellant further concedes that pursuant to R.C. 2929.13(B)(1)(b)(xi), when offenses are committed while the defendant is under community control, on probation, or released from custody on bond, R.C. 2929.13(B)(1)(a), the above-discussed statute mandating community control in lieu of incarceration in limited factual scenarios, does not apply.

{¶ 13} As applied to this case, the record reflects and the parties do not dispute that while released on supervised own recognizance ("SOR") bond and placed in the court supervised intervention in lieu program, appellant both tested positive for illicit drugs and failed to appear for mandatory day reporting meetings, in violation of the terms and conditions of bond and the intervention program.

{¶ 14} Appellant appears to modify, but stops short of redacting, the initial unconditional assertion to this court that, "[T]he trial court was without discretion to impose a prison term."  Appellant incongruously asserts that, "While the trial court *may* have had discretion to impose a term of incarceration instead of community control,

5.

pursuant to the above, appellant still challenges the maximum term of incarceration, as unsupported by clear and convincing evidence." (Emphasis added.)

{¶ 15} We find that the record clearly reflects that R.C. 2929.13(B)(1)(a) is inapplicable to this case given the statute's express limiting language of, "Except as provided in division (B)(1)(b)," and the clear applicability of division (B)(1)(b)(xi) to this case.

{¶ 16} With respect to appellant's remaining contention to this court that the disputed sentence was unsupported by clear and convincing evidence, appellant makes no specific assertion as to what allegedly relevant statutory findings were made arguably without clear and convincing support in the record so as to potentially be in breach of R.C. 2953.08(G)(2), the statute governing this case.

{¶ 17} On the contrary, appellant presents a litany of conclusory statements. Appellant states, "Incarceration of drug addicts serves no purpose for the offender or for society. If knowledge of the risk of death does not deter, then prison certainly doesn't and won't."

{¶ 18} Appellant further proceeds to set forth additional unsupported, unilateral statements in support of this appeal. For example, appellant opines, "Incarceration serves no deterrent purpose. Incarceration does not rehabilitate drug users. Incarceration for non-violent drug users is unduly costly." Again, the analysis governing this matter is whether or not the disputed sentence was in conformity with R.C. 2953.08(G)(2).

6.

**{¶ 19}** Appellant intermittently issues inexplicable admonishments to this court via unilateral characterizations such as "lip service" and requests this court apply the statutes "rather than merely reciting the rote, pat, oft-repeated phrase that the record supports the sentence." Such an approach to an appellate argument might conceivably be viable if coupled with objective merit.

**{¶ 20}** We find, and the record reflects, that appellant has failed to present objective, clear and convincing evidence that the disputed sentence was based upon applicable statutory findings not supported by the record or was otherwise contrary to law so as to potentially be in contravention of R.C. 2953.08(G)(2).

**{¶ 21}** The record reflects that on March 19, 2015, the trial court favorably granted appellant's motion enabling intervention in lieu of conviction in connection to appellant's indictment on one charge of possession of cocaine, in violation of R.C. 2925.11(A), despite appellant's failure to appear at the intervention assessment and several hearings. The record reflects that appellant was consistently accommodated with continuances and rescheduled appointments. The record reflects that shortly after being granted intervention in lieu of conviction, appellant violated the terms by continuing the use of illicit drugs and failing to appear for mandatory program appointments.

**{¶ 22}** The record reflects, given the history and pattern of appellant in this case, that the trial court lawfully and properly determined in the course of imposing a 12-month term of incarceration that,

You are here for the second time. The last time it was before you were in intervention in lieu program, and you used, and you stood in that same spot and gave almost the same impassioned sentence -- statement, and as a result I let you out of the correction center of Northwest Ohio and into the intervention in lieu program. In order for you to stop using, I think you need to see rock-bottom. Because you mention your daughter and your family, you're no good to them when you're high on heroin. [The] court finds the defendant is not amenable to community control and prison is consistent with the principles and purposes of sentencing.

{¶ 23} On consideration whereof, appellant has not established and this court's review of the record has not revealed anything demonstrating that the sentence in this case was in any way in breach of R.C. 2953.08(G)(2) or otherwise contrary to law. Wherefore, we find appellant's assignment of error not well-taken.

{¶ 24} Wherefore, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

8.

Mark L. Pietrykowski, J.                  _____
                                                 JUDGE

Arlene Singer, J.

Thomas J. Osowik, J.                   _____
CONCUR.                                              JUDGE

                                              _____
                                                 JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.