[Cite as *State v. Loe*, 2017-Ohio-994.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. WD-15-080 |
| Appellee | WD-15-081 |
| v. | Trial Court No. 2015CR0021 |
| | 2014CR0447 |
| Brian Loe | |
| Appellant | **DECISION AND JUDGMENT** |
| | Decided: March 17, 2017 |

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**JENSEN, J.**

{¶ 1} This is a consolidated appeal wherein appellant, Brian Loe, challenges the November 30, 2015 judgments of the Wood County Court of Common Pleas sentencing him to two concurrent three-year community control sanctions. Finding no error, we affirm.

## Assignment of Error

**{¶ 2}** Appellant sets forth the following assignment of error:

The trial court abused its discretion when it denied Appellant's

Motion for Intervention in Lieu of Conviction.

## Background Facts

**{¶ 3}** This appeal is from Wood County Court of Common Pleas case Nos. 2014-CR-0447 and 2015-CR-0021.

**{¶ 4}** In case No. 2014-CR-0447, appellant was charged with forgery in violation of R.C. 2913.31(A)(2) and (C)(1)(b), a felony of the fifth degree; theft in violation of R.C. 2913.02(A)(1) and (B)(2), a felony of the fifth degree; and, petty theft in violation of R.C. 2913.02(A)(1) and (B)(2), a misdemeanor of the first degree. On December 2, 2014, appellant was arraigned and pled not guilty to the charges of case No. 2014-CR-0447. On December 5, 2014, appellant requested intervention in lieu of conviction.

**{¶ 5}** In case No. 2015-CR-0021, appellant was charged with forgery in violation of R.C. 2913.31(A)(2) and (C)(1)(b), a felony of the fifth degree. On February 3, 2015, appellant was arraigned and pled not guilty to the charge brought under No. 2015-CR-0021. Bond was set and pretrial conference was scheduled for February 24, 2015. On February 24, 2015, the cases were consolidated for purposed of trial and sentencing. Trial was continued multiple times thereafter, and eventually a jury trial was scheduled for October 7, 2015.

{¶ 6} On March 30, 2015, the state requested the court revoke bond due to appellant failing to satisfy conditions by testing positive for morphine, and the trial court revoked appellant's bond. Appellant made requests for intervention in lieu of conviction. On June 11, 2015, appellant filed a brief in support of his requests, and on July 23, 2015, the state filed a memo contra. On August 18, 2015, a hearing was held on appellant's motions for intervention in lieu of conviction. On August 20, 2015, the court denied appellant's motions.

{¶ 7} Appellant then moved to withdraw his not guilty pleas and entered pleas of no contest to all counts. The court accepted the pleas and found appellant guilty. On November 24, 2015, the court held a sentencing hearing. The court imposed two concurrent three-year community control sanctions for both case Nos. 2014-CR-0021 and 2015-CR-0021. The court further ordered appellant to pay restitution in the amount of $2,204.13, which was to be disbursed to the four victims relating to the cases.

{¶ 8} It is from these judgments appellant now timely appeals.

**Standard of Review**

{¶ 9} We review felony sentences under a two-prong approach. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of

3.

section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or

(b) That the sentence is otherwise contrary to law.

{¶ 10} *See State v. Kinsinger*, 6th Dist. Lucas No. L-15-1118, 2015-Ohio-5309, ¶ 10; *see also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

**Law and Analysis**

{¶ 11} In his sole assigned error, appellant challenges his sentence by asserting the trial court should have accepted his request for intervention in lieu of conviction. Appellee contends the trial court did not err in denying appellant's request because the court properly found intervention would be futile.

{¶ 12} R.C. 2951.041(A) states "[t]he court may reject an offender's request without a hearing." Further, this section provides, "[i]f the court elects to consider an offender's request, the court shall conduct a hearing to determine whether the offender is eligible under this section for intervention in lieu of conviction and shall stay all criminal proceedings pending the outcome of the hearing." *Id*.

{¶ 13} R.C. 2951.041(C) follows, "[a]t the conclusion of a hearing held pursuant to division (A) of this section, the court shall enter its determination as to whether the offender is eligible for intervention in lieu of conviction and as to whether to grant the offender's request." Moreover, the section states, "[i]f the court finds that the offender is not eligible or does not grant the offender's request, the criminal proceedings against the

4.

offender shall proceed as if the offender's request for intervention in lieu of conviction had not been made." *Id.*

{¶ 14} The decision whether to grant intervention in lieu of conviction under R.C. 2951.041 is within the trial court's sound discretion. *State v. Zepeda*, 6th Dist. Wood No. WD-13-003, 2014-Ohio-1311, ¶ 12. The opportunity to participate in intervention in lieu of conviction is not a right, but a privilege. *Id.*; *see also State v. Birch*, 12th Dist. Butler No. CA10-10-25602, 2012-Ohio-543, ¶ 37; *State v. Dempsey*, 8th Dist. Cuyahoga No. 82154, 2003-Ohio-2579, ¶ 9.

{¶ 15} In this case, the trial court conducted an intervention in lieu of conviction hearing on August 18, 2015, and stayed the proceedings pending the outcome. *See* R.C. 2951.041(A). At the hearing, the court determined that based on "multiple offenses and multiple positive drug tests," the likelihood of appellant's success in intervention was "nonexistent." The record reveals appellant and the state agreed to allow for intervention but that appellant tested positive for morphine, during pendency of his bond, which triggered appellee's motion to revoke bond and oppose intervention. After the hearing, the court entered its determination finding against appellant's request for intervention, and the case properly proceeded as if no request was made. *See* R.C. 2951.041(C). Trial commenced and appellant was eventually sentenced to concurrent terms of three years community control. *See* R.C. 2929.15(A) ("the court may directly impose a sentence that consists of one or more community control sanctions").

5.

{¶ 16} Therefore, the record reflects the trial court complied with R.C. 2951.041 in making its determination regarding intervention. Further, we note the ultimate decision was within the court's discretion, and the record amply supports the denial of intervention and the imposed sentence.

{¶ 17} Accordingly, there is no merit to appellant's assigned error.

## Conclusion

{¶ 18} The judgments of the Wood County Court of Common Pleas are affirmed. Appellant is ordered to pay costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.           _____
                                                       JUDGE

Arlene Singer, J. _____

                                                     _____

James D. Jensen, P.J.                                      JUDGE
CONCUR.

                                                     _____

                                                     JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.