[Cite as *State v. Floyd*, 2016-Ohio-1443.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 15 MA 0014 |
| V. | ) | |
| | ) | OPINION |
| TONI N. FLOYD, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Court of Common
Pleas of Mahoning County, Ohio
Case No. 13 CR 989

JUDGMENT:                              Affirmed

APPEARANCES:
For Plaintiff-Appellee              Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 W. Boardman St. 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant            Attorney Anthony J. Farris
860 Boardman-Canfield Rd., Suite 204
Youngstown, Ohio 44512

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: March 31, 2016

DONOFRIO, P.J.

{¶1} Defendant-appellant Toni N. Floyd appeals a decision of the Mahoning County Common Pleas Court sentencing her to three years in prison following her guilty pleas to drug trafficking and drug possession.

{¶2} On September 19, 2013, a Mahoning County grand jury issued an eight-count indictment against Floyd and codefendant Shakaila Jerai Jones related to drug trafficking. Seven of the eight counts named Floyd (counts 2 through 8). Counts 2, 6, and 7 were for third-degree-felony trafficking in heroin in violation of R.C. 2929.03(A)(1)(C)(6)(c). Count 3 was for third-degree-felony trafficking in drugs (oxycodone) in violation of R.C. 2925.11(A)(C)(1)(b). Count 4 was second-degree-felony trafficking in heroin in violation of R.C. 2925.03(A)(1)(C)(6)(d). Count 5 was for first-degree-felony trafficking in heroin in violation of R.C. 2925.03(A)(1)(C)(6)(e). Count 8 was for third-degree-felony possession of drugs (oxycodone) in violation of R.C. 2925.11(A)(C)(1)(b). Each of the trafficking counts were enhanced felonies because of the amount of drugs involved and because the offenses were committed within the vicinity of a school or in the vicinity of a juvenile. The indictment also contained a specification seeking forfeiture of $1807 pursuant to R.C. 2981.

{¶3} Count 1 of the indictment named only codefendant Jones. She was also named along with Floyd in some of the other counts, including counts 2, 3, 5, and 7, but her case is not included with or the subject of this appeal.

{¶4} Subsequently, the parties reached a Crim.R. 11 plea agreement. The State moved to amend count 5 from a second-degree felony to a third-degree felony. Floyd pleaded guilty to all counts in exchange for the State recommending a maximum four-year prison sentence. The trial court conducted a sentencing hearing on January 7, 2015, where counsel for Floyd made a series of impassioned arguments in support of a community control sanction in lieu of incarceration. (Sent. Tr., 6-12.) The sentencing judge rejected Floyd's counsel's request, issuing a statement from the bench:

> I don't think community control is going to solve the problem, even as your lawyer described it. It's not going to, it's not going to help

your economic circumstances. And so I don't see that Community Control, that you're amenable to Community Control for those reasons.

(Sent. Tr. 20.)

{¶5} The trial court then sentenced Floyd as follows: 36 months for counts 2, 6, and 7 (third-degree heroin trafficking); 36 months for count 3 (third-degree drug trafficking); three years for counts 4 and 5 (second-degree heroin trafficking); and 36 months for count 8 (third-degree possession of drugs). These sentences were ordered to run concurrently for an aggregate prison term of three years. This appeal followed.

{¶6} Floyd asserts one assignment of error as follows:

The sentencing Courts finding that Appellant was not amenable to community control because "… it's not going to help your economic circumstances" was clearly and convincingly contrary to law.

{¶7} Concerning the appropriate standard of review that appellate courts must apply when reviewing felony sentences, the Ohio Supreme Court recently held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, Slip Opinion 2016-Ohio-1002, ¶ 1.

{¶8} Floyd pleaded guilty to five third-degree felonies and two second-degree felonies. The possible sentences for a third-degree felony are nine, twelve, eighteen, twenty-four, thirty, or thirty-six months. R.C. 2929.14(A)(3)(b). The possible sentences for a second-degree felony are two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2). Taken together, Floyd faced a maximum possible sentence of 31 years in prison. Concerning the drug trafficking offenses (counts 2, 3, 4, 5, 6, and 7), because of the amount of drugs involved and because the offenses were committed within the vicinity of a school or in the vicinity of a juvenile, there was

a statutory presumption for a prison term. R.C. 2925.03(A)(1)(C)(6)(c); R.C. 2925.03(A)(1)(C)(6)(c). The trial court sentenced Floyd to only three years in prison, which was considerably less than the maximum term authorized for the offenses and one year less than that recommended by the State pursuant to the plea agreement.

{¶9} Despite the presumption for a prison term, Floyd argues that the trial court's finding that she was not amenable to community control sanction was clearly and convincingly contrary to law. While acknowledging the presumption in favor of a prison term for certain felony drug offenses such as the ones Floyd pleaded guilty to here, R.C. 2929.13(D)(2) allows a sentencing court to impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender if it makes both of the following findings:

> (a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
>
> (b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.

{¶10} Here, the trial court's finding that Floyd was not amenable to a community control sanction cannot be said to be clearly and convincingly contrary to law. Floyd provides no explanation as to how that finding is contrary to the Equal

Protection Clause. Her appellate brief does not cite to any caselaw in support of such a notion and offers only that as a conclusory assertion. Rather, upon review, it is quite apparent that Floyd's highlighting of the court's reference to her economic circumstances is taken completely out of context. The court was simply explaining that a community control sanction in lieu of prison was not going to solve the problem of Floyd's reliance on drug trafficking as means to supplement her income.

**{¶11}** Although it was not required to since there was a presumption in favor of a prison term, the trial court provided ample support for imposition of a prison term rather than a community control sanction independent of Floyd's purported socio-economic status. (Sent. Tr. 18-20.) The court noted its responsibility to punish the offender and to protect the public. The court also noted that Floyd had committed these offenses in the presence of her children and that she was the principal offender (as contrasted to her codefendant) increased the seriousness of her crimes. Based on this reasoning taken in conjunction with the record, we find that the sentence ordered by the trial court was supported by clear and convincing evidence and was not otherwise contrary to law.

**{¶12}** Accordingly, Floyd's sole assignment of error is without merit.

**{¶13}** The judgment of the trial court is affirmed.

Waite, J., concurs.

DeGenaro, J., concurs.