[Cite as *State v. Troiano*, 2018-Ohio-3432.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,           CASE NO.  8-17-58

    v.

TONY L. TROIANO,                  O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR16-09-0242

**Judgment Affirmed**

**Date of Decision:  August 27, 2018**

APPEARANCES:

    *Eric J. Allen* **for Appellant**

    *Sarah J. Warren* **for Appellee**

**SHAW, J.**

{¶1} Defendant-Appellant Tony L. Troiano appeals the December 28, 2017 judgment of the Logan County Court of Common Pleas convicting him of one count of Felonious Assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, and one count of Domestic Violence in violation of R.C. 2919.25(A), a misdemeanor of the first degree, and sentencing him to four years in prison and sixty days of incarceration in jail, to be served consecutively.

*Procedural History*

{¶2} On September 13, 2016, the Logan County Grand Jury returned a two count indictment against Troiano alleging that he committed two counts of Felonious Assault in violation of R.C. 2903.11(A)(1), both felonies of the second degree. Troiano appeared for arraignment and pled not guilty to the charges.

{¶3} The prosecution filed a Bill of Particulars wherein it was alleged that, with respect to Count One, Troiano committed Felonious Assault against the victim, his then live-in girlfriend, when he bit her on the shoulder on June 1, 2016. Troiano was alleged to have subsequently moved out of the home. Regarding Count Two, the Bill of Particulars stated that on June 4, 2016, the victim agreed to meet Troiano at his new residence after he professed his love to her. Once the victim entered the home, Troiano began to assault her. The victim attempted to fight back, but Troiano continued to punch her in the head and she could not escape. According to the Bill

of Particulars, Troiano picked up a coffee table, broke it, and attempted to use the leg as a weapon. He also took the victim's cellphone from her so that she could not call for help, while he proceeded to strangle her and punch her in the head. The victim suffered a concussion and was placed on work restrictions for four weeks following the incident.

{¶4} On October 10, 2017, the prosecution filed an amended indictment re-iterating Counts One and Two of the prior indictment and alleging that Troiano also committed the offenses of Domestic Violence in violation of R.C. 2919.25(A), a misdemeanor of the first degree, Kidnapping in violation of 2905.01(A)(3), a felony of the first degree, Disrupting Public Services in violation of R.C. 2909.04(A)(1), a felony of the fourth degree. Troiano pled not guilty to the charges in the amended indictment.

{¶5} On November 7, 2017, Troiano entered into a negotiated plea agreement in which he agreed to plead guilty to Count Two Felonious Assault, a second degree felony, and to Count Three Domestic Violence, a first degree misdemeanor, as amended in the second indictment. In exchange for his guilty plea, the prosecution moved to dismiss the remaining counts. The trial court accepted Troiano's guilty plea, dismissed Counts One and Four in the amended indictment, and ordered a pre-sentencing investigation be completed.

{¶6} On December 28, 2017, the trial court sentenced Troiano to four years in prison on the Felonious Assault offense and sixty days in jail on the Domestic Violence offense, to be served consecutively.

{¶7} Troiano now brings this appeal, asserting the following assignment error.

**THE RECORD IN THIS MATTER DOES NOT SUPPORT THE IMPOSITION OF A FOUR-YEAR PRISON SENTENCE PURSUANT TO O.R.C. 2929.14(A)(2).**

{¶8} In his sole assignment of error, Troiano argues that the trial court's imposition of a four-year prison term for his second degree Felonious Assault conviction was not supported by the record. Specifically, Troiano claims that the trial court failed to give due consideration to the prosecution's recommendation at sentencing of a three-year prison term; the victim's statements at sentencing, in which she advocated for a lesser sentence; and Troiano's "harsh upbringing which led to his behavior." (Appt. Brief at 4).

{¶9} The standard of review for felony sentences is provided by R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 9-23. "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "Applying the plain language of R.C. 2953.08(G)(2), * * * an appellate court may vacate or modify a felony sentence on

appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1.

{¶10} In the instant case, the record reflects that the trial court considered the principles and purposes of R.C. 2919.11, the recidivism factors of R.C. 2919.12, and the presumption of a prison term for a second degree felony stated in R.C. 2929.13(D)(1) when it sentenced Troiano to a four-year prison term, which is well within the permissible statutory range. *See* R.C. 2929.14(A)(2)(stating that the statutory range for the second degree felony in this case is "two, three, four, five, six, seven, or eight years").

{¶11} The trial court also observed that the victim's injuries in this case were "sudden and profound." (Doc. No. 48 at 11). The record further indicates that the trial court considered the victim's statements in which she stated that Troiano nearly killed her during the June 4, 2016 altercation and that she suffered from Post-Traumatic Stress Disorder and high anxiety as a result of the incident. The trial court found that instead of expressing genuine remorse, Troiano attempted to shift the blame to the victim to minimize his culpability. The trial court further considered Troiano's past conduct of repeatedly engaging in violent behavior and substance abuse, which creates a significant and continued danger to the public. Finally, the trial court observed that Troiano had twice violated the CPO that the

victim had obtained against him arising out of these events and while these charges were pending, which demonstrated to the trial court that Troiano's "ability to follow instructions is, at best, nominal if the not [sic] existent, so community control makes no sense." (Id. at 15).

{¶12} Accordingly, we find that Troiano's sentence is not clearly and convincingly contrary to law because the prison term is within the statutory range and the record fully supports the trial court's sentencing decision to impose a four-year prison term. Troiano's single assignment of error is without merit and is overruled.

{¶13} For all these reasons, the assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**