[Cite as *State v. Lazier*, 2018-Ohio-3547.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2018-01-017 |
| | : | O P I N I O N |
| - vs - | | 9/4/2018 |
| | : | |
| JOSHUA LEE LAZIER, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2017-10-1705


Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Michele Temmel, 6 South Second Street, Suite 305, Hamilton, Ohio 45011, for defendant-appellant


**PIPER, J.**

{¶ 1} Defendant-appellant, Joshua Lazier, appeals his sentence in the Butler County Court of Common Pleas after pleading guilty to gross sexual imposition.

{¶ 2} Lazier was charged with single counts of unlawful sexual conduct with a minor and sexual battery after he had vaginal intercourse with a 13-year-old girl who was intoxicated and asleep. Lazier later agreed to plead guilty to a fourth-degree charge of gross

sexual imposition, and the sexual battery count was dismissed.

{¶ 3} The trial court then sentenced Lazier to 18 months in prison after considering information from a presentence investigation report ("PSI"), which detailed how Lazier had access to the victim and his sexual conduct with her. Lazier now appeals his sentence, raising the following assignment of error.

{¶ 4} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT WHEN IT IMPOSED THE MAXIMUM SENTENCE BECAUSE IT WAS NOT CLEARLY AND CONVINCINGLY SUPPORTED BY THE RECORD.

{¶ 5} Lazier argues that the trial court's sentence is contrary to law.

{¶ 6} An appellate court reviews the imposed sentence according to R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Id.* at ¶ 10. Rather, R.C. 2953.08(G)(2) provides that an appellate court can modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.

{¶ 7} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is either contrary to law or unsupported by the record. *Marcum* at ¶ 7.

{¶ 8} After reviewing the record, we find that Lazier's sentence was not contrary to law. Lazier was convicted of a fourth-degree felony, which according to R.C. 2929.14(A)(4),

is subject to a sentencing range of six to 18 months. The trial court's 18-month sentence was therefore within the statutory range. Moreover, the trial court addressed the purposes and principles of sentencing according to R.C. 2929.11 and R.C. 2929.12 at both the sentencing hearing and within the trial court's sentencing entry. The trial court also informed Lazier of the pertinent postrelease control sanctions. As such, Lazier's sentence was not contrary to law.

{¶ 9} The record also supports the 18-month sentence. The trial court considered the information contained in the PSI, a sentencing memorandum, a letter from Lazier's guardian, and statements from defense counsel in mitigation. While the court considered that Lazier faced some intellectual challenges, the court also considered that Lazier had a "notable" criminal history, and that testing showed that Lazier was likely to reoffend criminally and sexually. The trial court also noted that Lazier committed a crime of violence, one in which Lazier had intercourse with a 13-year-old girl despite her being unable to consent given she was intoxicated and asleep at the time of the offense.

{¶ 10} After reviewing the record, we find that the trial court's sentence was not contrary to law and was otherwise supported by the record. As such, Lazier's assignment of error is overruled.

{¶ 11} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.