[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Marcum,* Slip Opinion No. 2016-Ohio-1002.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1002

THE STATE OF OHIO, APPELLEE, *v.* MARCUM, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Marcum,* Slip Opinion No. 2016-Ohio-1002.]

*Criminal law—Felony sentencing—Standard of review upon appeal of sentence— R.C. 2953.08(G)(2)—Abuse-of-discretion standard is not applicable to felony-sentencing appeals.*

(Nos. 2014-1825 and 2014-2122—Submitted October 27, 2015—Decided March 15, 2016.)

APPEAL from and CERTIFIED by the Court of Appeals for Gallia County, No. 13CA11, 2014-Ohio-4048.

_____

FRENCH, J.

{¶ 1} In this appeal that focuses on a certified-conflict issue, we address the standard of review that appellate courts must apply when reviewing felony sentences.  Applying the plain language of R.C. 2953.08(G)(2), we hold that an appellate court may vacate or modify a felony sentence on appeal only if it

determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law. In other words, an appellate court need not apply the test set out by the plurality in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.

{¶ 2} We turn, first, to the facts that present this issue.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} Acting on a tip, two deputies from the Gallia County Sheriff's Department visited the home of defendant-appellant, Mary C. Marcum. Marcum gave the deputies permission to search the premises. In trash bags on Marcum's porch, they found numerous items commonly used in methamphetamine production (referred to as "precursor ingredients" by one of the deputies), including four homemade hydrogen-chloride-gas generators that were still emitting gas. Marcum's minor children were asleep in a bedroom 15 to 20 feet from the methamphetamine-production-related materials on the porch.

{¶ 4} The Gallia County Grand Jury indicted Marcum on one count of manufacturing methamphetamine in the vicinity of a juvenile in violation of R.C. 2925.04(A), a first-degree felony. *See* R.C. 2925.04(C)(3)(b). A jury found her guilty, and the trial court imposed a ten-year prison term. The maximum possible term was 11 years. R.C. 2929.14(A)(1).

{¶ 5} Marcum appealed her conviction and sentence to the Fourth District Court of Appeals. Relevant to our review, she contended that the trial court abused its discretion by imposing a near-maximum prison term. The Fourth District affirmed Marcum's sentence and refused to apply an abuse-of-discretion standard to felony-sentencing appeals. Marcum filed a discretionary appeal. And at Marcum's request, the Fourth District later certified that its judgment conflicted with *State v. Hill*, 7th Dist. Carroll No. 13 CA 892, 2014-Ohio-1965, and *State v. Simmons*, 9th Dist. Summit No. 27197, 2014-Ohio-4191.

**{¶ 6}** We accepted Marcum's discretionary appeal. 141 Ohio St.3d 1454, 2015-Ohio-239, 23 N.E.3d 1196. We also determined that a conflict exists and ordered the parties to brief one issue:

[D]oes the test outlined by the [c]ourt in *State v. Kalish* apply in reviewing felony sentences after the passage of R.C. 2953.08(G)?

141 Ohio St.3d 1453, 2015-Ohio-239, 23 N.E.3d 1195.

## II.  ANALYSIS

**{¶ 7}** We answer the certified question in the negative and hold that appellate courts must adhere to the plain language of R.C. 2953.08(G)(2). Marcum's ten-year prison term is not clearly and convincingly contrary to law. Accordingly, the Fourth District could have modified or vacated her sentence only if it found by clear and convincing evidence that the record did not support the sentencing court's decision. R.C. 2953.08(G)(2). Because the Fourth District applied the correct standard of review, we affirm its judgment.

**{¶ 8}** Our primary concern when construing statutes is legislative intent. *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996). In determining that intent, we first look to the plain language of the statute. *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522, ¶ 18, citing *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 11. When the language is unambiguous and definite, we apply it as written. *Id.*

**{¶ 9}** R.C. 2953.08(G)(2) is unambiguous and definite. It provides:

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings

underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. *The appellate court's standard for review is not whether the sentencing court abused its discretion.* The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, *whichever, if any, is relevant*;

(b) That the sentence is otherwise contrary to law.

(Emphasis added.)

{¶ 10} The vast majority of our district courts of appeals have determined that the plain language of R.C. 2953.08(G)(2) prohibits them from applying abuse-of-discretion review to sentencing-term challenges. *See, e.g., State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 9 (1st Dist.); *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.); *State v. Martinez*, 3d Dist. Seneca Nos. 13-11-32 and 13-11-21, 2012-Ohio-3750, ¶ 17; *State v. Brewer*, 2014-Ohio-1903, 11 N.E.3d 317, ¶ 33 (4th Dist.); *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31; *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11; *State v. Wellington*, 7th Dist. Mahoning No. 14 MA 115, 2015-Ohio-1359, ¶ 13; *State v. Akins*, 8th Dist. Cuyahoga No. 99478, 2013-Ohio-5023, ¶ 15; *State v. Mullins*, 11th Dist. Portage No. 2012-P-0144, 2013-Ohio-4301, ¶ 14; *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-

088, 2013-Ohio-3315, ¶ 6. We agree. Accordingly, we hold that appellate courts may not apply the abuse-of-discretion standard in sentencing-term challenges.

{¶ 11} To be sure, until the enactment of 2011 Am.Sub.H.B. No. 86 ("H.B. 86"), neither the General Assembly nor this court has been as explicit as we are today. That lack of clarity stemmed from statutory changes, some by the General Assembly and some by our application of federal constitutional precedent. The relevant history begins with the statutory language that was enacted in 2000.

### A. Statutory history

{¶ 12} In 2000, the General Assembly amended R.C. 2953.08(G)(2) to specify that "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Sub.H.B. No. 331, 148 Ohio Laws, Part II, 3414, 3419. In light of that language, our district courts of appeals for several years routinely refused to apply the abuse-of-discretion standard to sentencing appeals. *See, e.g., State v. Legg*, 10th Dist. Franklin No. 04AP-258, 2005-Ohio-581, ¶ 15; *State v. Myers*, 159 Ohio App.3d 584, 2005-Ohio-447, 824 N.E.2d 1023, ¶ 10 (2d Dist.); *State v. Ambrosio*, 9th Dist. Lorain No. 03CA008387, 2004-Ohio-5552, ¶ 17. In 2006, however, our case law significantly altered the sentencing statutes.

{¶ 13} Our decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, excised portions of the sentencing statutes. *Foster* resulted from our application of United States Supreme Court decisions that interpreted limitations the Sixth Amendment places on judicial fact-finding. *Id.* at ¶ 3, citing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and at ¶ 12, citing *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Relevant to this case, we severed as unconstitutional divisions (B) and (C) of R.C. 2929.14. *Foster* at paragraphs one and two of the syllabus. We further held that judicial fact-finding was not necessary for

imposing a sentence within the basic range R.C. 2929.14(A) prescribed. *Id.* at paragraph two of the syllabus. Ultimately, we left untouched the prohibition of abuse-of-discretion review found in R.C. 2953.08(G)(2). But we held that in the absence of the severed language concerning findings, trial courts were vested with the "full discretion to impose a prison sentence within the statutory range." *Foster* at ¶ 100.

{¶ 14} We revisited the topic of appellate discretion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. In *Kalish*, a plurality of this court recognized that appellate courts could not apply an abuse-of-discretion standard when initially reviewing a sentence. *Id.* at ¶ 14. Instead, the lead opinion crafted a two-pronged approach. Initially, the appellate court had to determine as a purely legal question whether a sentence was clearly and convincingly contrary to law. *Id.* If the sentence was not contrary to law (for instance, if it fell within the statutory range), the broad discretion recognized in *Foster* came into play. *Kalish* at ¶ 15, 17. In light of that broad discretion, the lead opinion prescribed and applied the abuse-of-discretion standard as the second step of the approach. *Id.* at ¶ 17.

{¶ 15} Two years later, we recognized that the United States Supreme Court's decision in *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), undermined the consecutive-sentences aspect of our holding in *Foster*, and we invited the General Assembly to enact a responsive consecutive-sentencing provision. *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, ¶ 6. The General Assembly did so when it enacted the wide-ranging provisions of H.B. 86. *See* H.B. 86, Section 11 (stating the General Assembly's intent that several of the statutory amendments in H.B. 86 were meant to "revive" provisions that had been invalidated by the decision in *Foster*).

{¶ 16} We come, then, to current law. Beginning September 30, 2011, the effective date of H.B. 86, the statutory language of R.C. 2953.08(G)(2) controls.

*State v. Taylor*, 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, ¶ 6, 14. Insofar as defendants like Marcum—convicted by a jury of any sentence-enhancing elements of a first-degree felony—are concerned, the General Assembly has indicated a clear intent to return to the pre-*Foster* language of R.C. 2953.08(G)(2), which specifically precludes abuse-of-discretion review.

### B. Marcum's arguments

{¶ 17} Despite the express language of R.C. 2953.08(G)(2), Marcum raises several arguments to support her entitlement to abuse-of-discretion review of her sentence. None is persuasive.

{¶ 18} Marcum begins with the first sentence of R.C. 2953.08(A), which states that "[i]n addition to any other right to appeal * * *," a defendant convicted of a felony may appeal the sentence on several grounds. She argues that the quoted language makes the provisions in R.C. 2953.08 nonexclusive. In support, she cites the rule of statutory interpretation that we must, when possible, " 'give meaning to every word in every act.' " *In re Andrew*, 119 Ohio St.3d 466, 2008-Ohio-4791, 895 N.E.2d 166, ¶ 6, quoting *State ex rel. Mitman v. Greene Cty. Bd. of Commrs.*, 94 Ohio St. 296, 308, 113 N.E. 831 (1916). She contends that if we give effect to the first sentence of R.C. 2953.08(A), we must allow her to appeal her sentence under other appellate provisions that allegedly permit abuse-of-discretion review. These other provisions, however, merely give courts the power to hear criminal appeals and do not change the standard of review that applies to such appeals.

{¶ 19} R.C. 2505.03(A), for example, provides: "Every final order, judgment, or decree of a court * * * may be reviewed on appeal by * * * a court of appeals, or the supreme court, whichever has jurisdiction." This provision, however, provides statutory authority for appellate courts to review final orders and judgments in both civil and criminal cases. It says nothing of the standard of review the appellate courts must apply.

{¶ 20} Marcum also relies on Ohio Constitution, Article IV, Section 3(B)(2), which provides: "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." In essence, this section provides the constitutional underpinning of R.C. 2505.03; it says nothing about the standard of review.

{¶ 21} Taken together, these provisions build on each other, but not in the way Marcum envisions. Article IV, Section 3(B)(2) of the Ohio Constitution provides courts of appeals with jurisdiction to review inferior courts' decisions. R.C. 2505.03(A) is consistent with that provision of jurisdiction, but it limits appellate review to judgments and final orders entered by the lower courts. Finally, R.C. 2953.08 specifically and comprehensively defines the parameters and standards—including the standard of review—for felony-sentencing appeals. We need look no further.

## C. R.C. 2953.08(G)(2) construed

{¶ 22} In the final analysis, we hold that R.C. 2953.08(G)(2)(a) compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under "division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code." *See State v. Belew*, 140 Ohio St.3d 221, 2014-Ohio-2964, 17 N.E.3d 515, ¶ 12 (Lanzinger, J., dissenting from the decision to dismiss the appeal as having been improvidently accepted) ("R.C. 2953.08(G)(2) repudiates the abuse-of-discretion standard in favor of appellate review that upholds a sentence unless the court of appeals clearly and convincingly finds that the record does not support the trial court's findings").

> Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence,"

but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.

*Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 23} We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

### D. Applying the standard to Marcum

{¶ 24} The Fourth District correctly held that it could not modify or vacate Marcum's sentence unless it clearly and convincingly found that the record did not support the sentence. Its review of the record revealed that the facts amply supported the sentence. Accordingly, given that we have answered the certified-conflict issue in the negative and that we agree that the record supports the sentence, we affirm the Fourth District's judgment.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

————————————

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Michael J. Hendershot, Chief Deputy Solicitor, and Tiffany Carwile, Assistant

Attorney General; and C. Jeffrey Adkins, Gallia County Prosecuting Attorney, and Britt T. Wiseman, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellant.

_____