[Cite as *State v. Wood*, 2017-Ohio-916.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28037 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DOMINIQUE A. WOOD | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 14 02 0465 |

DECISION AND JOURNAL ENTRY

Dated: March 15, 2017

HENSAL, Judge.

{¶1} Dominique Wood appeals her sentence for rape from the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} Ms. Wood pleaded guilty to one count of rape under Revised Code Section 2907.02(A)(2) for digitally penetrating and performing cunnilingus on her five-year-old cousin. The trial court sentenced her to eight years imprisonment. Ms. Wood has appealed her sentence, assigning as error that it is clearly and convincingly unsupported by the record.

II.

ASSIGNMENT OF ERROR

THE COURT'S SENTENCE IS CLEARLY AND CONVINCINGLY UNSUPPORTED BY THE RECORD AS THE FACTS AND CIRCUMSTANCES OF THIS MATTER AS DEMONSTRATED IN THE RECORD DO NOT PROVIDE FOR THE SENTENCE OF EIGHT YEARS INCARCERATION.

{¶3}     Ms. Wood asserts that the length of her prison sentence is excessive, arguing that it is longer than necessary to fulfill the purposes of criminal sentencing.  In reviewing a felony sentence, this Court's "standard for review is not whether the sentencing court abused its discretion."  R.C. 2953.08(G)(2).  "[This Court] may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that:  (1) "the record does not support the trial court's findings under relevant statutes," or (2) "the sentence is otherwise contrary to law."  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.  "That is, [this Court] may vacate or modify any sentence that is not clearly and convincingly contrary to law only if [it] finds by clear and convincing evidence that the record does not support the sentence."  *Id.* at ¶ 23.  Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶4}     In support of her argument, Ms. Wood notes that, at the time of the offense, she was only 19, had no criminal history, had a consistent employment history, and had also taken some college courses.  She accepted responsibility for her acts, was remorseful, and fully cooperated with police, even though she was too intoxicated at the time of the offense to remember what happened.  Ms. Wood also notes that a psychologist opined that her offense fell outside the usual categories for female sex offenders and that it appeared to be situational and unplanned.  The psychologist also opined that Ms. Wood was amenable to treatment, that she showed no indications of recidivism, and that there is only a low to moderate risk that she may reoffend.  Ms. Wood further notes that, although the victim's mother described the pain the victim has experienced since the offense, there is no objective evidence that the victim suffered serious psychological harm.

{¶5}  A violation of Section 2907.02(A)(2) is a felony of the first degree, for which the trial court must sentence the offender to a term of three, four, five, six, seven, eight, nine, ten, or eleven years.  R.C. 2907.02(B); R.C. 2929.13(F)(2); R.C. 2929.14(A)(1).  At sentencing, the prosecution noted that Ms. Wood was originally charged with violating Section 2907.02(A)(1)(b), for which she faced life imprisonment.  It argued that, in exchange for her guilty plea, the State had amended the indictment so Ms. Wood could avoid a life sentence.  Arguing that Ms. Wood, therefore, had already received a break, and noting that she had harmed a close family member who trusted her, the prosecution argued that the court should sentence Ms. Wood to eleven years, despite the "glowing" report she received from the psychologist.

{¶6}  In determining Ms. Wood's sentence, the trial court stated that it had considered the plea negotiations, the presentence investigation,  the testimony that was presented at the sentencing hearing, and the letters and statements from the victim's and defendant's family.  It stated that, upon consideration of the relevant sentencing factors, the minimum sentence that would protect the public and punish Ms. Wood without imposing an unnecessary burden on state or local resources was eight years.  In reaching that determination, the court explained that it had considered Ms. Wood's amenability for treatment and rehabilitation, the amount of punishment required by statute, and the pain that the offense had caused.  In its sentencing entry, the court wrote that it had considered the record and oral statements as well as the principles and purposes of sentencing under Section 2929.11 and the seriousness and recidivism factors under Section 2929.12.

{¶7}  Upon review of the record, we cannot find by clear and convincing evidence that it does not support the eight-year sentence imposed by the trial court.  *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, at ¶ 23.  As Ms. Wood concedes that her sentence is not otherwise

contrary to law, there are no grounds for this Court to modify the sentence under Section 2953.08(G). *Id*. Ms. Wood's assignment of error is overruled.

III.

**{¶8}** Ms. Wood's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.


APPEARANCES:

RICHARD P. KUTUCHIEF, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.