[Cite as *State v. Kinner*, 2017-Ohio-4364.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                                   :

    Plaintiff-Appellee,                      :        CASE NO.   CA2016-06-105

                                       :        O P I N I O N
- vs -                                                          6/19/2017

                                       :

REBEKAH A. KINNER,                          :

    Defendant-Appellant.                    :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2015-12-1784


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Scott N. Blauvelt, 315 South Monument Avenue, Hamilton, Ohio 45011, for defendant-appellant


**PIPER, J.**

{¶ 1}   Defendant-appellant, Rebekah Kinner, appeals the 11-year prison sentence imposed by the Butler County Court of Common Pleas for involuntary manslaughter, to which Kinner pled guilty after allowing her boyfriend, Bradley Young, to beat her two-year-old daughter to death.

{¶ 2}   Butler County Sheriff's Deputies responded to a report of a child not breathing,

and located Kinner, her daughter, and Young in the home. Emergency responders administered CPR to the child, who was then transferred to the Cincinnati Children's Hospital Medical Center once it was determined that the child suffered intracranial bleeding. The child was placed on a ventilator, and was unresponsive without reflexes or spontaneous movement. Further examination revealed that the child suffered multiple bruises to her forehead, cheek, arm, buttock, back, as well as abrasions on her scalp and elbow. The child passed away the day after she was admitted to the hospital.

{¶ 3} Detectives interviewed Kinner and she admitted that the abuse had been ongoing, including Young spanking the child, smacking her, holding her mouth shut, shaking her, and punching her. On the night before the child died, Young punched the child multiple times in the back of the head because she was crying, and also shook the child. When the child continued to act fussy, Young smacked her four to five times in the mouth. Kinner was present for the abuse, and did nothing to stop Young from attacking the child.

{¶ 4} Kinner was indicted for involuntary manslaughter, endangering children, and permitting child abuse. She pled guilty to each charge, and the trial court accepted her guilty plea as validly made. The trial court then merged the counts, and the state elected to proceed on the involuntary manslaughter charge, a first-degree felony. The trial court then sentenced Kinner to 11 years in prison. Kinner now appeals her sentence, raising the following assignment of error.

{¶ 5} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT IMPOSED A MAXIMUM PRISON TERM.

{¶ 6} Kinner argues in her assignment of error that the trial court erred in sentencing her to a maximum prison term because it did not first properly consider Ohio's sentencing factors.

{¶ 7} We review felony sentences pursuant to R.C. 2953.08(G)(2). *State v. Marcum,*

146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.  Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion.  *Id.* at ¶ 10. Rather, R.C. 2953.08(G)(2) permits an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1.

{¶ 8}   A sentence is not clearly and convincingly contrary to law where trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range."  *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.  Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record."  *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1.

{¶ 9}   After reviewing the record, we find that the trial court did not err in sentencing Kinner to 11 years in prison, as her sentence was not contrary to law and was otherwise supported by the record.  As previously noted, Kinner was convicted of involuntary manslaughter, a felony of the first degree.  According to R.C. 2929.14(A)(1), the proper range for a first-degree felony is three to 11 years.  As such, Kinner's 11-year sentence was within the statutory guideline for a felony of the first degree.

{¶ 10}   The trial court also considered the purposes and principles of sentencing as required by R.C. 2929.11 and R.C. 2929.12, which is evident in the transcript of the sentencing hearing as well as the trial court's sentencing entry.  The trial court noted the seriousness of the offense, as well as Kinner's series of bad choices that led to the child's death.  As previously noted, the child had multiple injuries that Kinner did nothing to stop.

Kinner knew her boyfriend smacked, shook, and punched the child, and she did nothing to stop him. Moreover, Kinner waited until the child stopped breathing to call for medical help. While the record reveals trauma during Kinner's childhood, consideration of such does not negate other factors that weighed in favor of an 11-year sentence.

{¶ 11} After reviewing the record, we find that the trial court's sentence was not contrary to law and that it is fully supported by the record. As such, Kinner's assignment of error is overruled.

{¶ 12} Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.