[Cite as *State v. Orender*, 2019-Ohio-191.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2018-04-085 |
| Appellee, | : | CA2018-04-086 |
| | : | O P I N I O N |
| - vs - | | 1/22/2019 |
| | : | |
| JERRY ORENDER, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case Nos. CR2017-07-1263 and CR2017-08-1464


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Scott N. Blauvelt, 315 South Monument Avenue, Hamilton, Ohio 45011, for appellant


**RINGLAND, J.**

{¶ 1}  Jerry Orender appeals his sentences in the Butler County Court of Common Pleas for two counts of felony theft.  For the reasons described below, this court vacates Orender's sentences and remands for further proceedings on the limited issue of restitution.

{¶ 2}  This appeal involves two theft cases which have been consolidated for purposes of this appeal.  In Case One, a Butler County grand jury indicted Orender for theft, a fourth-degree felony.  In Case Two the state charged Orender in a bill of information with

fifth-degree felony theft. The charges stemmed from allegations that Orender stole vehicle key fobs from the vehicle lot of Cincinnati Auto Auction on two separate dates. Orender subsequently entered into a plea agreement with the state on both cases.

{¶ 3} During a joint plea hearing, the state read into the record a statement of facts concerning the alleged offenses. With respect to Case One, the state alleged that Orender stole 18 keys fobs, which were valued by Cincinnati Auto Auction at $8,640. On Case Two, the state alleged that Orender stole 25 key fobs from different vehicles, which were valued at $14,666. The court asked Orender whether the facts as read by the state were true. Orender agreed.

{¶ 4} Next, the court discussed its understanding of a portion of the plea agreement, which was that Orender was agreeing to restitution in excess of $7,500 on each case. The following exchange occurred:

> THE COURT: One other thing I want to go over with you, on each of these cases they being felonies in the fifth degree, restitution because it's a Felony 5 would typically be no more than $7500, but it's my understanding that by you entering this plea of guilty, that you agree to pay restitution even – on both cases – even if it is in excess of $7500 on each case; is that correct?
>
> THE DEFENDANT: Yeah. There should be only restitution on one case. They got everything back on the second one.
>
> THE COURT: I just want to make sure you understand that even though it's a Felony 5 level offense and the maximum typically would be $7500, you're agreeing to pay more than that amount –
>
> THE DEFENDANT: Yeah.

Orender subsequently pled guilty and the court found him guilty.

{¶ 5} At the sentencing hearing on both cases, the court stated that it had reviewed a presentence-investigative report (PSI) and a victim impact statement prepared by the security manager at the Cincinnati Auto Action. Both the PSI and victim impact statement reflected

that Cincinnati Auto Auction had purchased replacement keys for all affected vehicles. Cincinnati Auto Auction reported that on Case One, the replacement costs were $8,160. On Case Two, the replacement costs were $14,660. The total loss was $22,820.[1]

{¶ 6} The court then imposed sentence. With respect to restitution, the court stated it was ordering restitution in the amount of $22,820 to Cincinnati Auto Auction. Subsequently, the court issued judgment entries of conviction for both cases. In each judgment entry, the court ordered $22,820 in restitution to Cincinnati Auto Auction.

{¶ 7} Orender appeals, assigning three errors for this court's review.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT IN ORDERING RESTITUTION.

{¶ 10} Orender argues that the court erred in ordering restitution because restitution was not credibly established after he disputed that Cincinnati Auto Auction suffered a loss at the plea hearing. Orender also argues that the court erred in ordering restitution in the amount of $22,820 on each case, doubling the amount of restitution ordered by the court at the sentencing hearing. The state concedes this latter argument and agrees that this court should vacate the portion of the judgment entry ordering restitution and remand for further proceedings to clarify the restitution amounts in each case.

{¶ 11} This court reviews the trial court's felony sentencing decision under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to R.C. 2953.08(G)(2), this court may modify or vacate a sentence if it finds, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.*

---

1. The claimed loss amounts differ slightly from what was alleged by the state at the plea hearing. The reason for the discrepancy is not apparent from the record.

{¶ 12} After reviewing the record, this court agrees that clear and convincing evidence support the conclusion that the lower court erred in ordering $22,820 in restitution on each case. This appears to be a simple oversight in listing the total claimed loss to Cincinnati Auto Auction on each judgment entry, rather than apportioning the appropriate restitution amount per case. This court need not address Orender's separate argument that the damage award was not credibly established as this argument is rendered moot given this court's decision to vacate restitution. Accordingly, this court vacates the restitution orders on Case One and Case Two and remands these cases to the trial court for further proceedings to determine a separate restitution amount on each case. This court sustains Orender's first assignment of error.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO CONDUCT AN EVIDENTIARY HEARING ON A DISPUTED CLAIM FOR RESTITUTION.

{¶ 15} Orender next argues that the court erred in failing to hold an evidentiary hearing to resolve his alleged dispute of the restitution amount pursuant to R.C. 2929.18(A)(1). However, this assignment of error is rendered moot by this court's resolution of the first assignment of error and need not be decided. App.R. 12(A)(1)(c). This court overrules Orender's second assignment of error.

{¶ 16} Assignment of Error No. 3:

{¶ 17} APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITES STATES CONSTITUTION.

{¶ 18} Orender contends that he received constitutionally deficient representation when his counsel failed to challenge the restitution amount once he made the comment at the plea hearing that there should be restitution on only one of the cases. Again, this

assignment of error is rendered moot by this court's resolution of the first assignment of error and does not require a decision. App.R. 12(A)(1)(c). This court overrules Orender's third assignment error.

**{¶ 19}** Judgment reversed in part, restitution orders are vacated, and the matter is remanded for further proceedings on restitution.

S. POWELL, P.J., and HENDRICKSON, J., concur.