[Cite as *State v. Flanigan*, 2019-Ohio-1682.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                     Court of Appeals No. L-18-1120

      Appellee                              Trial Court No. CR0201801355

v.

Robert Lamar Flanigan                    **DECISION AND JUDGMENT**

      Appellant                             Decided: May 3, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Robert Lamar Flanigan, appeals from the May 8, 2018 judgment of the Lucas County Court of Common Pleas, where he was sentenced to five years of incarceration for robbery in violation of R.C. 2911.02(A)(2) and (B), a felony of the second degree. Finding no error, we affirm.

## Background

{¶ 2} Appellant was alleged to have grabbed a Marco's Pizza employee as she left work, forcing her back into the restaurant. He then forced employees into the bathroom and proceeded to rob the restaurant, getting away with $200.

{¶ 3} On February 27, 2018, appellee, the state of Ohio, indicted appellant for kidnapping in violation of R.C. 2905.01(A)(2) and (C), a felony of the first degree, and for robbery in violation of R.C. 2911.02(A)(2) and (B), a felony of the second degree.

{¶ 4} Appellant initially pled not guilty, however, on April 17, 2018, he withdrew his not-guilty plea and pled guilty to the robbery. The court proceeded with its Crim.R. 11 colloquy, found appellant made a knowing, voluntary plea, and accepted the plea. Appellee dismissed the kidnapping charge in exchange for the plea. The matter was set for sentencing on April 30, 2018.

{¶ 5} The trial court sentenced appellant to five years in prison for the robbery. The judgment entry was e-journalized on May 8, 2018, and appellant timely appeals.

## Assignment of Error

{¶ 6} Appellant asserts the trial court failed to comply with R.C. 2929.11 and 2929.12, when imposing his five-year prison sentence. Appellee contends the court considered the necessary criteria in compliance with R.C. 2929.11 and 2929.12.

{¶ 7} Appellate courts review felony sentences under the standard set forth in R.C. 2953.08(G)(2), which provides that an "appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record

2.

does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *See State v Marcum*, 146 Ohio St. 3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

{¶ 8} R.C. 2929.11(A) provides, in pertinent part, "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions." It follows, "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *See* R.C. 2929.11(A); *State v. Craig*, 6th Dist. Wood No. WD-14-061, 2015-Ohio-1479, ¶ 10. A felony sentence, therefore, "shall be reasonably calculated to achieve the two overriding purposes * * * set forth in [R.C. 2929.11(A)], commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." *See* R.C. 2929.11(B); *Craig*.

{¶ 9} R.C. 2929.12(A) pertinently provides, "a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing." In this determination, "R.C. 2929.12 provides a non-exhaustive list of factors the court must consider in determining the relative seriousness of the underlying crime and the likelihood that the defendant will commit another offense in the future." *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 26. "The factors include: (1) the physical, psychological, and economic harm suffered by the victim, (2)

3.

the defendant's prior criminal record, (3) whether the defendant shows any remorse, and (4) any other relevant factors." *Id.*

{¶ 10} A sentencing court is not required to use specific language or make specific findings to demonstrate that it considered the applicable sentencing criteria under R.C. 2929.11 and 2929.12. *See State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

{¶ 11} At the April 30, 2018 sentencing hearing in this case, the trial court elaborated on the criteria it considered, as follows:

> Sentencing hearing having been held pursuant to Revised Code 2929.19, this Defendant was afforded all rights he is entitled to under Criminal Rule 32. I've considered your records, statements you've made, the presentence report that was prepared, I've considered the principles and purposes of sentencing under 2929.11.

> I've balanced the seriousness and recidivism factors as I'm obligated to do under 2929.12. Again, this Defendant on April 17th entered a plea of guilty to Count 2 Robbery, a felony of the second degree.

> It is the sentence of the Court that you are ordered to serve a term of five years with the Ohio Department Rehabilitation and Corrections.

{¶ 12} Further, the May 8, 2018 sentencing journal entry states: "The court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11,

4.

and has balanced the seriousness, recidivism and other relevant factors under R.C. 2929.12."

{¶ 13} Based on the statements made at sentencing and in the sentencing entry, we hold the trial court considered the relevant sentencing criteria and complied with R.C. 2929.11 and 2929.12. Appellant fails to show by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that his sentence is otherwise contrary to law.

{¶ 14} Accordingly, appellant's sole assignment of error is not well-taken.

## Conclusion

{¶ 15} The May 8, 2018 judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.　　　　　 　　_____
　　　　　　　　　　　　　　　　　　　　　　JUDGE
Arlene Singer, J.　　　　　　　

Thomas J. Osowik, J.　　　　　　 　　_____
CONCUR.　　　　　　　　　　　　　　　　　JUDGE

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.