[Cite as *State v. Wharton*, 2021-Ohio-2502.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 20-COA-035 |
| KYLE T. WHARTON | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case No. 20-CRI-117

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      July 20, 2021

APPEARANCES:

For Plaintiff-Appellee

CHRISTOPHER R. TUNNELL
PROSECUTING ATTORNEY
110 Cottage Street
Third Floor
Ashland, Ohio 44805

For Defendant-Appellant

MATTHEW J. MALONE
THE LAW OFFICES OF
MATTHEW J. MALONE, LLC
10 East Main Street
Ashland, Ohio 44805

*Wise, J.*

{¶1}    Appellant Kyle Wharton appeals his sentence after entering a plea of guilty in the Ashland County Court of Common Pleas. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND CASE

{¶2}    On June 11, 2020, Appellant, a twenty-six year old man drove from Sunbury, Ohio to Ashland, Ohio to the home of B.S. to have sex with B.S., a fourteen year old girl.

{¶3}    Appellant had previously been on the internet site "chatiw.me" chatting with a profile using B.S.'s picture. The profile provided her address in Ashland. Upon arriving at B.S.'s address, Appellant knocked on her door. B.S.'s father answered the door. Appellant told B.S.'s father he was there to see his daughter. B.S.'s father believed Appellant was there to see his older daughter who no longer lived with them. After having a conversation with Appellant, B.S.'s mother went to her neighbor's house, a retired law enforcement officer, and was told to call 911.

{¶4}    Sergeant Craig Kiley from Ashland Police met with Appellant. Appellant told Sergeant Kiley he was on a website chatting with someone he believed was B.S., a fourteen-year-old-female, and that she wanted to have sex with Appellant. Appellant continued that he got into his car and drove to B.S.'s address expecting to have sex with B.S. Appellant said he was told to come up to her room because she was naked, and the man who would answer the door was not her dad.

{¶5}    While talking to Sergeant Kiley, Appellant admitted to having sex with females as young as sixteen years old and sending pictures of his penis to females as

young as eleven years old. During the investigation, Sergeant Kiley found multiple nude photographs on Appellant's phone of females as young as eleven years old. Also Sergeant Kiley found a video on Appellant's phone of an eleven-year-old female masturbating. Appellant identified some of the females from the pictures and videos on his phone by name and age. Appellant was then advised of his rights and taken into custody.

{¶6} On July 16, 2020, the Ashland County Grand Jury indicted Appellant on one count of Attempted Unlawful Sexual Conduct with a Minor in violation of R.C. 2923.02 and R.C. 2907.04, a felony of the fourth degree; one count of Importuning in violation of R.C. 2907.323, a felony of the fifth degree; four counts of Illegal Use of a Minor or Impaired Person in Nudity-Oriented Material or Performance in violation of R.C. 2907.323, felonies of the fifth degree; one count of Pandering Obscenity Involving a Minor or Impaired Person in violation of R.C. 2907.321, a felony of the fourth degree; and one count of Possessing Criminal Tools in violation of R.C. 2923.24, a felony of the fifth degree.

{¶7} On September 29, 2020, Appellant entered a plea of guilty to four counts of Illegal Use of a Minor or Impaired Person in Nudity-Oriented Material or Performance in violation of R.C. 2907.323, felonies of the fifth degree and one count of Pandering Obscenity Involving a Minor or Impaired Person in violation of R.C. 2907.321, a felony of the fourth degree and allowed the submission of victim impact statements with respect to Attempted Unlawful Sexual Conduct with a Minor and Importuning. Appellee agreed to dismiss the charges of Attempted Unlawful Sexual Conduct with a Minor, Importuning, and Possessing Criminal Tools.

**{¶8}** On November 9, 2020, the trial court conducted Appellant's sentencing hearing. At the sentencing hearing the trial court indicated it reviewed the pre-sentence investigation report and the two victim impact statements. Appellant's trial counsel requested Appellant be placed on community control. Appellant claimed at the sentencing hearing that he believed the victims were of legal age. Next, Appellee addressed the trial court regarding sentencing and requested consecutive prison sentences due to the nature and facts of the case.

**{¶9}** At the sentencing hearing, the trial court noted Appellant's conduct over a course of time makes him a danger to the community, and that consecutive sentences were appropriate to protect the public from future crime. The trial court considered the purposes and principles of sentencing set out in R.C. 2929.11, as well as seriousness and recidivism factors under R.C. 2929.12. The court then sentenced Appellant to six months for each count of Illegal Use of a Minor or Impaired Person in Nudity-Oriented Material or Performance in violation of R.C. 2907.323, felonies of the fifth degree, and also twelve months for Pandering Obscenity Involving a Minor or Impaired Person in violation of R.C. 2907.321, a felony of the fourth degree. These sentences are to be run consecutive to each other for an aggregate prison term of thirty-six months.

### ASSIGNMENT OF ERROR

**{¶10}** On November 20, 2020, Appellant filed a notice of appeal. He herein raises the following Assignment of Error:

**{¶11}** "I. THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES BECAUSE THE RECORD CLEARLY AND CONVINCINGLY DOES NOT

SUPPORT THE TRIAL COURT'S FINDINGS IN SUPPORT OF THE IMPOSITION OF CONSECUTIVE SENTENCES."

## I.

{¶12} In Appellant's sole Assignment of Error, Appellant argues the trial court erred in imposing consecutive sentences because the record clearly and convincingly does not support the trial court's findings in support of consecutive sentences. We disagree.

{¶13} An appellate court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

{¶14} The Supreme Court of the State of Ohio held that nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute its own judgment for that of the trial court to determine a sentence that best reflects compliance with R.C.2929.11 and R.C. 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶42.

{¶15} This Court is, therefore, without authority to disturb Appellant's sentence absent a finding by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.11 and R.C. 2929.12. We may only determine if the sentence is contrary to law.

**{¶16}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible range." *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and Warren Nos. CA2019-03-026, 2019-Ohio-4209, ¶36.

**{¶17}** Appellant concedes that the trial court made the findings required by statute to impose consecutive sentences. However, Appellant submits that the record in this case does not clearly and convincingly support the findings upon which the trial court relied to impose consecutive sentences.

**{¶18}** The trial court considered the presentence investigation report, the victim impact statements, and the statements made during sentencing. The trial court's sentencing on the charges complies with all applicable rules and sentencing statutes. Therefore, the sentence is not clearly and convincingly contrary to law. As such, we find the trial court did not err in imposing consecutive sentences upon Appellant.

**{¶19}**  Appellant's sole Assignment of Error is overruled.

**{¶20}**  For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is hereby, affirmed.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur

JWW/br 0719