[Cite as *State v. O'Shell*, 2021-Ohio-3648.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-01-003 |
| | : | O P I N I O N |
| - vs - | | 10/12/2021 |
| | : | |
| BRADLEY K. O'SHELL, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20190197

Nicholas A. Adkins, Madison County Prosecuting Attorney, and Rachel M. Price, Assistant
Prosecuting Attorney, for appellee.

Chaudry Law, LLC, and Adam Chaudry, for appellant.

**BYRNE, J.**

{¶1}    Bradley K. O'Shell appeals a sentence imposed by the Madison County Court
of Common Pleas.  For the reasons articulated below, we affirm the sentence.

**I.  Procedural Background**

{¶2}    A Madison County grand jury indicted O'Shell on two counts.  Count one was
aggravated possession of drugs, a first-degree felony, with a major drug offender

specification and a gun specification. Count two was possession of drugs, a second-degree felony, with a gun specification. The matter proceeded to a jury trial, in the midst of which the state and O'Shell agreed to a plea deal. Pursuant to this plea deal O'Shell pleaded guilty to count two, with no gun specification, and the state dismissed count one entirely.

{¶3} At sentencing, the court indicated that it had reviewed the seriousness and recidivism factors set forth under R.C. 2929.12 and weighed those factors against the purposes and principles of sentencing under R.C. 2929.11. The court found that O'Shell's case was more serious because O'Shell had committed his offense as part of an "organized criminal activity," one of the factors under R.C. 2929.12(B). Specifically, the court noted that when O'Shell was arrested he was in possession of four firearms, one of which was stolen, and that he was in possession of approximately 14 grams of heroin and nearly 2 pounds of methamphetamine. The trial court subsequently sentenced O'Shell to a range of four to six years in prison and informed him that he would be subject to three years mandatory postrelease control. O'Shell appeals, raising one assignment of error.

## II. Law and Analysis

{¶4} Assignment of Error No. 1:

{¶5} THE TRIAL COURT ERRED WHEN IT SENTENCED BRADLEY [O'SHELL] TO A FOUR TO SIX YEAR TERM OF IMPRISONMENT BECAUSE THAT SENTENCE IS NOT SUPPORTED BY THE RECORD IN THIS CASE. R.C. 2953.08(G); 2929.11(A).

{¶6} In his assignment of error, O'Shell argues that the court erred in weighing the seriousness and recidivism factors set forth in R.C. 2929.12. Specifically, O'Shell contends that the court erred in its finding that his offense was more serious because it was part of organized criminal activity. O'Shell argues that merely being convicted of drug possession was not sufficient evidence to establish that his offense was part of an organized criminal activity. He argues that the record must contain more evidence to support such a finding.

## A. Standard of Review

{¶7} We review felony sentences pursuant to R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Id.* at ¶ 10. Rather, R.C. 2953.08(G)(2) permits an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under certain listed statutes (specifically, R.C. 2929.13[B] or [D], R.C. 2929.14[B][2][e] or [C][4], or R.C. 2929.20[I]), or that the sentence is otherwise contrary to law. *Id.* at ¶ 1.

{¶8} A sentence is not clearly and convincingly contrary to law where trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

## B. Legal Analysis

{¶9} Regarding O'Shell's argument that the record does not support the trial court's seriousness finding under R.C. 2929.12, the Ohio Supreme Court recently clarified our scope of review when presented with such arguments. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729. In *Jones*, the supreme court held that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39.

{¶10} The court explained that R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if the appellate court clearly and convincingly finds that the record does not support the sentencing court's finding under certain specified statutory provisions not at issue in this appeal (that is, R.C. 2929.13[B] or [D], R.C. 2929.14[B][2][e]

or [C][4], or R.C. 2929.20[I]). *Id.* at ¶ 28. However, R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a). *Id.*

{¶11} Furthermore, the supreme court explained that "an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 32. Accordingly, R.C. 2953.08(G)(2)(a) does not permit an appellate court to modify or vacate a sentence based on a lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 29.

{¶12} As such, we lack the authority to modify or vacate O'Shell's sentence based on the argument that the record did not support the trial court's findings under R.C. 2929.12. Instead, we are limited to reviewing whether O'Shell has presented clear and convincing evidence that his sentence is "otherwise contrary to law."

{¶13} Here, the record reflects that the trial court considered the purposes and principles of sentencing as set forth in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12. Furthermore, the court properly imposed postrelease control and O'Shell's sentence fell within the permissible statutory range. O'Shell's sentence was not contrary to law.

### III. Conclusion

{¶14} For these reasons, we overrule O'Shell's sole assignment of error.

{¶15} Judgment affirmed.

PIPER, P.J., and M. POWELL, J., concur.