[Cite as *State v. Martinez*, 2022-Ohio-1700.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 20CA011696 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHRISTIAN MARTINEZ | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 18CR097877 |

DECISION AND JOURNAL ENTRY

Dated: May 23, 2022

HENSAL, Presiding Judge.

{¶1} Christian Martinez appeals his sentence for attempted murder from the Lorain County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} Mr. Martinez pleaded guilty to one count of attempted murder with a firearm specification and two counts of felonious assault. After merging the felonious assault offenses into the attempted murder offense, the trial court sentenced him to 11 years for the offense with an additional three years for the specification. In its sentencing entry, the court wrote that it was imposing the maximum sentence because it found that Mr. Martinez's conduct constituted the worst form of the offense. Mr. Martinez has appealed, assigning as error that the trial court incorrectly sentenced him to the maximum sentence.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY SENTENCING APPELLANT [TO] THE MAXIMUM SENTENCE AVAILABLE CONTRARY TO THE RELEVANT SENTENCING FACTORS.

{¶3}    Mr. Martinez argues that the trial court incorrectly weighed the sentencing factors when it determined his sentence.  In reviewing a felony sentence, "[t]he * * * standard for review is not whether the sentencing court abused its discretion."  R.C. 2953.08(G)(2).  "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that:  (1) "the record does not support the trial court's findings under relevant statutes[,]" or (2) "the sentence is otherwise contrary to law."  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.  Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶4}    Mr. Martinez argues that he has no prior felony offenses and had no record as a juvenile.  He has also never held public office, had no relationship with the victim in the case, there was no evidence that he was hired to commit the offense or that it was part of organized crime activities. or was motivated by prejudice.  He, therefore, argues that there were no factors that made the seriousness of the crime more severe.  On the other hand, he argues that he was under the influence of Xanax at the time of the offense, he has never been confined or under post-release control, and he does not have a pattern of drug or alcohol abuse.  He also argues that he showed genuine remorse for the offense, and he apologized to the victim.  According to Mr. Martinez, these are factors that indicate that he is less likely to commit future offenses.  Mr.

Martinez argues that the mere fact that he did not have a reason for committing the offenses did not manifest a lack of remorse and does not demonstrate that he cannot be rehabilitated.

{¶5} According to information contained in the pre-sentence investigation report or presented at the sentencing hearing, Mr. Martinez and a co-worker drove to a dead-end street during their lunch break with the intention of smoking marijuana. When they arrived, the lighter in their vehicle did not work, so Mr. Martinez got out and walked over to another vehicle to ask if the driver had a lighter. When the driver of the other vehicle said that she did not, Mr. Martinez shot her six times then returned to his co-worker. He returned to work and attempted to sell the firearm to a different co-worker later in the day. Mr. Martinez did not offer any reason for having a firearm in his possession or for shooting the woman, whom he had never met before. He said that he had been in an argument with the co-worker with whom he drove to the dead-end street, that he had a history of having difficulty fitting in with others, and that he had taken Xanax earlier that day. Mr. Martinez's version of the facts, however, had changed multiple times over the course of the investigation.

{¶6} Section 2929.11(A) provides that the purposes of felony sentencing are to protect the public from future crime, to punish the offender, and promote the effective rehabilitation of the offender. The trial court explained during the sentencing hearing that it was hindered in developing a sentence that would advance those goals because Mr. Martinez had not explained why he attempted to kill the woman. It probed whether it was an initiation, the reason why Mr. Martinez had a firearm, and whether the story about needing a lighter was true. It also noted that there was nothing in Mr. Martinez's background that would suggest such an act was likely. The court noted the statement that the woman had made at sentencing, which detailed her severe and extensive injuries and her prognosis of a lifetime of pain and her inability to work. Pointing to the innocence

of the victim, the randomness of the shooting, and the multiple gunshots fired by Mr. Martinez, the trial court concluded that the offense was the worst form of the offense.

{¶7} Before imposing sentence, the trial court specifically stated that it had considered the principles of sentencing. Although it did not work individually through each of the factors that make the offense more or less serious, in mentioning the woman's statement, it was referencing the physical and mental injuries suffered by the victim and the physical, psychological, and economic harm to her under Sections 2929.12(B)(1) & (2). The court also commented on the relationship of Mr. Martinez and the woman and whether the attack might have been part of organized criminal activity. R.C. 2929.12(B)(6) & (7). It also considered whether there was any provocation for the offense. R.C. 2929.12(C)(2). It further noted that Mr. Martinez did not have any serious prior offenses. R.C. 2929.12(D)(2); R.C. 2929.12(E)(2).

{¶8} Mr. Martinez has not pointed to anything in the record that establishes that the sentencing-factor findings that the trial court made on the record were incorrect. Although he argues that there were additional factors that made his offense less severe or make him less likely to re-offend, the State contested some of them. For example, the State noted that, although Mr. Martinez's mention of Xanax implied that it might have been responsible for his actions, Mr. Martinez had been able to perform his job both before and after the shooting without incident and even requested an advance in pay that day. The State also argued that Mr. Martinez's proclamations of remorse were insincere considering the number of excuses he had come up with to try to explain why it had happened. We also note that, contrary to Mr. Martinez's assertion, the pre-sentence investigation report indicates that he committed multiple offenses as a juvenile.

{¶9} Upon review of the record, we cannot conclude that the record does not support the trial court's findings under the relevant sentencing statutes or that Mr. Martinez's sentence is

otherwise contrary to law. *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002 at ¶ 1. Accordingly, Mr. Martinez has not established that the trial court incorrectly sentenced him. Mr. Martinez's assignment of error is overruled.

III.

**{¶10}** Mr. Martinez's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR.


APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting attorney, and LINDSAY POPROCKI, Assistant Prosecuting Attorney, for Appellee.