[Cite as *State v. Perry*, 2019-Ohio-3550.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-T-0010** |
| DAJAUN RESHAWN PERRY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2018 CR 00791.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, 25-year-old Dajaun Reshawn Perry, appeals from the entry on sentence, issued by the Trumbull County Court of Common Pleas on January 29, 2019, on the basis that his sentence is contrary to law. The judgment is affirmed.

{¶2} In September 2018, Perry was charged with one count of aggravated burglary after entering by deception, with purpose to commit a theft offense, the residence of an 81-year-old man, upon whom Perry inflicted bodily harm and stole $161.00.

{¶3}   On November 15, 2018, pursuant to a plea agreement, Perry pled guilty to the charge, a first-degree felony, in violation of R.C. 2911.11(A)(1) & (B).

{¶4}   The trial court ordered a pre-sentence investigation.

{¶5}   Perry's sentencing hearing was held on January 17, 2019.   He was sentenced to ten years in prison.

{¶6}   Perry noticed an appeal from the January 29, 2019 entry on sentence and raises the following assignment of error for our review:

{¶7}   "The trial court erred by sentencing the appellant to a term of 10 years incarceration as the record does not support such a sentence."

{¶8}   Perry asserts that, beyond the trial court's consideration of his prior criminal history, the record is unclear as to why the trial court imposed a ten-year sentence, nearly the maximum penalty available.

{¶9}   We review felony sentences under the standard of review set forth in R.C. 2953.08(G), which provides, in pertinent part:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.   The appellate court's standard for review is not whether the sentencing court abused its discretion.   The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

2

**{¶10}** When a sentence does not require the findings specifically addressed in R.C. 2953.08(G), "it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶23. In other words, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if it clearly and convincingly finds that the record does not support the sentence. *Id.*

**{¶11}** Here, the trial court was not required to make any findings under the statutes referenced in R.C. 2953.08(G). *See* R.C. 2929.13(B) (fourth- and fifth-degree felonies); R.C. 2929.13(D) (felony drug offenses); R.C. 2929.14(B)(2)(e) (repeat violent offenders convicted of aggravated murder); R.C. 2929.14(C)(4) (consecutive sentences); R.C. 2929.20(I) (judicial release).

**{¶12}** Further, Perry's ten-year sentence is within the statutory range. *See* R.C. 2929.14(A)(1) (effective Oct. 31, 2018) ("For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, ten, or eleven years.").

**{¶13}** Finally, the trial court considered the purposes and principles of felony sentencing found in R.C. 2929.11 ("to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources"). In doing so, the trial court reviewed the sentencing factors found in R.C. 2929.12 relating to the seriousness of the conduct and the likelihood of the offender's recidivism. *See* R.C. 2929.12(A) ("a court that imposes a sentence under this chapter

3

upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing").

{¶14} The trial court reflected upon Perry's juvenile adjudications, which include burglary, grand theft, resisting arrest, and robbery with a firearm; and Perry's adult convictions, which include aggravated battery with a deadly weapon, burglary, possession of drugs, and possession of cocaine. Perry conceded to the trial court that he has been to prison four times. The trial court further found that Perry showed no genuine remorse for the case, that it was a violent crime, that Perry does not appear able to be rehabilitated, and that Perry "failed a probation evaluation miserably." These findings, as they relate to the seriousness of Perry's conduct and the likelihood of his recidivism, are supported by the record.

{¶15} Accordingly, we do not clearly and convincingly find that Perry's sentence is contrary to law or unsupported by the record.

{¶16} Perry's sole assignment of error is without merit.

{¶17} The judgment of the Trumbull County Court of Common Pleas is hereby affirmed.


THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.

4