[Cite as *State v. Brodt*, 2022-Ohio-1528.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 21CA1140 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| MORGAN BRODT, | : | |
| Defendant-Appellant. | : | **RELEASED 5/04/2022** |

<u>APPEARANCES</u>:

Joy L. Marshall, Columbus, Ohio, for appellant.

C. David Kelley, Adams County Prosecutor, Michele L. Harris, Adams County Special Assistant Prosecutor, West Union, Ohio, for appellee.

Hess, J.

{¶1}    Morgan Brodt appeals her conviction for attempted aggravated possession of drugs after she pleaded guilty and was sentenced to 30 months in prison.  In her first assignment of error, Brodt contends that the trial court erred in its consideration of the record and the principles and purposes of sentencing when it sentenced her. In her second assignment of error, Brodt contends that the trial court failed to appropriately apply the factors of R.C. 2929.12 to her sentence. However, Brodt essentially asks this court to independently weigh the evidence in the record and substitute our judgment for that of the trial court concerning the sentence that best comports with R.C. 2929.11, governing the purposes and principles of felony sentencing, and R.C. 2929.12, which addresses factors to consider when imposing a sentence under R.C. 2929.11.  R.C.

2953.08(G)(2) does not permit us to conduct this type of review. We overrule her assignments of error and affirm the trial court's judgment.

## I. PROCEDURAL HISTORY

{¶2}    In June 2020, the Adams County grand jury indicted Brodt on one count of aggravated possession of drugs, a violation of R.C. 2925.11(A), a second-degree felony. Brodt initially pleaded not guilty, but in June 2021 she entered into a plea agreement with the state and entered a guilty plea to an amended offense of attempted aggravated possession, a third-degree felony.

{¶3}    At the sentencing hearing, the trial court noted that it had reviewed the presentence investigation report, which contained letters from her current employers, her AA sponsor, and the Oxford House, a rehabilitation center to which Brodt had eventually transferred without the court's knowledge. The court noted there was no letter from The Healing Place, the rehabilitation center Brodt first entered and which the court was told she was during the entire pendency of the case. The court stated that there was a presumption of prison and that Brodt had multiple cases and previous prison sentences over the past 10 years for multiple drug-related offenses, including multiple felony drug offenses. The court commented on the particular severity of the facts surrounding Brodt's offense, "the severity of the fact pattern in this case, being an overdose with a small child in a bathroom with a tub full of water. And then the child being next to an unprecedented amount of methamphetamine." The court stated that Brodt's criminal drug conduct continued after the incident in question and up through the day before entering the rehabilitation facility. At or near the time of this conviction, Brodt was charged in Clermont

County for conveying drugs into its jail.[1] Although Brodt admitted that she had made a terrible mistake, which could have been potentially tragic for her child, she realized when she was arrested that she had gone far over the line. The trial court noted that even though Brodt claimed to have realized the serious nature of the offense, she continued to engage in drug use afterwards, noting that despite "all this, uh, epiphanies, it never stops?" Brodt stated that she went into drug rehabilitation in August 2020 and is learning how to maintain her sobriety and is working at a nonprofit to help others.

**{¶4}** The court stated that it had considered the record, the oral statements, and the presentence investigation report and considered the principles and purposes of sentencing under R.C. 2929.11. The court also stated it considered the overriding purposes of felony sentencing and the seriousness and recidivism factors in R.C. 2929.12. The trial court was particularly concerned with the large quantity of drugs and troubled by the fact that Brodt packed up chocolate milk, cereal, brownies, and an iPad with cartoons on it and put her three-year-old child in the same small bathroom with fentanyl and methamphetamine, "you bring her in * * * with methamphetamine and fentanyl large, huge amounts, any, any, which had she touched with her finger would have probably killed her or touched with her tongue absolutely would have killed her." The trial court reviewed Brodt's lengthy criminal history. The court noted with some skepticism that Brodt had entered a drug rehabilitation facility in August 2020, but that on the day before entering rehabilitation, she shot up with heroin as "one last party." Brodt conceded that was what she "guessed" had happened. The trial court's concern with the facts surrounding Brodt's offense was a significant factor in the trial court's sentencing decision:

[1] There appears to be a typographical error in the sentencing transcript. Statements made by Brodt's attorney were incorrectly attributed to the trial court.

Court: * * * The pictures from the bathroom. * * * I've talked a lot for many years. I've warned a lot for many years that my fear was that some parent was going to leave their drugs around and the child was going to get ahold of them and die. * * * But I could never imagine this scene. This scene never made sense to me to intentionally lock the child into a room with the [vo]luminous amounts of drug enticing them with things they liked, like chocolate milk, brownies, Fruit Loop cereal, iPad with cartoons, Lay's Potato chips. The child was in there so long, they [sic] ate a bowl of cereal. While you were * * * doing drugs. The iPad was actually playing cartoons.

　　　　* * * I kind of gave you the clue at the beginning, uh, there's [a] presumption [of] prison.

The trial court stated it did not believe prison was going to help Brodt because she had been sent to prison numerous times before and upon her release would relapse. However, the court believed that a prison term would keep Brodt, who was 24-weeks pregnant with her second child, sober while incarcerated and would ensure that her newborn would be born drug-free.

**{¶5}** The trial court sentenced Brodt to a 30-month prison term and imposed a $2,500 fine.

## II.  ASSIGNMENTS OF ERROR

**{¶6}** Brodt presents two assignments of error:

I.    The trial court erred in considering the record, oral statements, victim impact statements and presentence report, as well as the principle and purposes of sentencing under Ohio Revised Code Section 2929.11(A) in its sentence of Megan Brodt for Attempted Aggravated Possession of a Controlled Substance, a Felony of the Third Degree.

II.   The trial court failed to appropriately apply the factors of ORC §2929.12 that were present and persuasive in sentencing the Appellant.

## III.  LAW AND ANALYSIS

**{¶7}** Brodt challenges the trial court's decision to sentence her to prison and asks us to modify the sentence to community control. In her assignments of error, which are

related and will be addressed together, Brodt asserts that her sentence is not supported by the record, is excessive, and that the trial court should have imposed a term of community control instead of a prison term.

{¶8}   Citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, Brodt asserts that we must apply the standard of review in R.C. 2953.08(G)(2) and conclude that her sentence must be modified because the trial court "ignored the overriding purposes of felony sentencing by clear and convincing evidence." She maintains that "By all accounts, incapacitating [Brodt] was not necessary by incarceration" because she "was in a sober living house that appeared to offer enough incapacitation, without placing a further burden on the state's resources." She contends that the trial court "seemed to ignore and gloss over" that she was "working two jobs and had paid all of her fines, making her a productive citizen." She concedes that she is "a long standing drug user" but argues that "drug possession is a victimless crime." She claims "the sentence of 30 months imprisonment is not supported by the record and this court should modify this sentence imposing a community control with drug treatment as a condition."

{¶9}   R.C. 2953.08(G)(2) provides:

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section

2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶10}** In *Marcum*, the Supreme Court of Ohio stated:

We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

*Marcum* at ¶ 23. However, the Court has since clarified that the statements in *Marcum* at ¶ 23 are dicta. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 27. In *Jones*, the Court held that R.C. 2953.08(G)(2) does not permit an appellate court to review whether the record supports a sentence as a whole under R.C. 2929.11 and 2929.12. *Id.* at ¶ 30. The Court stated:

Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12. In particular, R.C. 2953.08(G)(2) does not permit an appellate court to conduct a freestanding inquiry like the independent sentence evaluation this court must conduct under R.C. 2929.05(A) when reviewing a death penalty-sentence. *See State v. Hundley*, 162 Ohio St.3d 509, 2020-Ohio-3775, 166 N.E.3d 1066, ¶ 128 (recognizing that R.C. 2929.05(A) requires de novo review of findings and other issues within its scope).

*Id.* at ¶ 42; *State v. Arbogast*, 4th Dist. Adams No. 20CA1119, 2021-Ohio-484, ¶ 7.

**{¶11}** Brodt asks this court to independently weigh the evidence in the record and substitute our judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11, which sets forth the purposes and principles of felony sentencing, and R.C. 2929.12, which addresses factors to be considered when imposing

a sentence under R.C. 2929.11.  Based on *Jones*, we conclude that R.C. 2953.08(G)(2) does not permit us to conduct this type of review. Accordingly, we overrule Brodt's assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the ADAMS COUNTY COMMON PLEAS COURT to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
       Michael D. Hess, Judge


### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**