# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JAMES A. TINSLEY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 CO 0050**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 21 CR 647

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito Abruzzino*, Columbiana County Prosecutor, and *Atty. Shelley M. Pratt*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. James R. Wise,* for Defendant-Appellant.

Dated: June 4, 2024

**DICKEY, J.**

{¶1}   Appellant, James A. Tinsley, appeals from the October 24, 2023 nunc pro tunc judgment of the Columbiana County Court of Common Pleas sentencing him to an indefinite prison term for felonious assault, failure to comply with an order or signal of a police officer, aggravated possession of drugs, possession of cocaine, and OVI following a guilty plea.[1]  On appeal, Appellant takes issue with his sentence.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}   On February 10, 2022, Appellant was indicted by the Columbiana County Grand Jury on six counts: counts one and two, felonious assault, felonies of the first degree in violation of R.C. 2903.11(A)(2); count three, failure to comply with an order or signal of a police officer, a felony of the third degree in violation of R.C. 2921.331(B); count four, tampering with evidence, a felony of the third degree in violation of R.C. 2921.12(A)(1); count five, obstructing official business, a felony of the fifth degree in violation of R.C. 2921.31(A); and count six, failure to disclose personal information, a misdemeanor of the fourth degree in violation of R.C. 2921.29(A)(1). Appellant was appointed counsel, pled not guilty at his arraignment, and waived his right to a speedy trial.

{¶3}   On January 11, 2023, a superseding indictment was filed against Appellant charging him on 12 counts including three specifications: counts one and two, felonious assault, felonies of the first degree in violation of R.C. 2903.11(A)(2); count three, failure to comply with an order or signal of a police officer, a felony of the third degree in violation of R.C. 2921.331(B); count four, tampering with evidence, a felony of the third degree in violation of R.C. 2921.12(A)(1); count five, obstructing official business, a felony of the fifth degree in violation of R.C. 2921.31(A); count six, failure to disclose personal information, a misdemeanor of the fourth degree in violation of R.C. 2921.29(A)(1); count

---

[1] Am. Sub. S.B. No. 201, 2018 Ohio Laws 157, known as the "Reagan Tokes Law," significantly altered the sentencing structure for many of Ohio's most serious felonies by implementing an indefinite sentencing system for those non-life felonies of the first and second degree, committed on or after March 22, 2019.

seven, aggravated possession of drugs, a felony of the second degree in violation of R.C. 2925.11(A); count eight, possession of cocaine, a felony of the fourth degree in violation of R.C. 2925.11(A); count nine, aggravated possession of drugs, a felony of the fifth degree in violation of R.C. 2925.11(A); count ten, OVI, a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(a); count 11, OVI, a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(j)(vii); count 12, OVI, a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(j)(ii); and three specifications for forfeiture of money in a drug case.

{¶4}  Appellant subsequently entered into plea negotiations with Appellee, the State of Ohio.  A change of plea hearing was held on July 14, 2023.  Appellant withdrew his former not guilty plea and entered a guilty plea pursuant to the superseding indictment to counts one and two, felonious assault; count three, failure to comply with an order or signal of a police officer; count seven, aggravated possession of drugs and the accompanying forfeiture specification; count eight, possession of cocaine and the accompanying forfeiture specification; count nine, aggravated possession of drugs and the accompanying forfeiture specification; and count ten, OVI.  The trial court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11.  The court dismissed the remaining counts, ordered a PSI, and deferred sentencing.

{¶5}  A sentencing hearing was held on October 20, 2023.  After considering the record, the oral statements, the victim impact statement, the PSI, the purposes and principles of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12, the trial court sentenced Appellant to an indefinite prison term: four years (minimum) to six years (maximum) on count one; four years (minimum) to six years (maximum) on count two; 24 months on count three; two years (minimum) to three years (maximum) on count seven; ten months on count eight; ten months on count nine; and 180 days on count ten.  The court ordered "[t]hese sentences shall be served *concurrently* with each other but *consecutively* with Count Three by operation of law."  (Emphasis sic) (10/24/2023 Nunc Pro Tunc Sentencing Entry, p. 2).  The court notified Appellant that post-release control is mandatory for a period of five years.

{¶6}  Appellant filed a timely appeal and raises one assignment of error.

Case No. 23 CO 0050

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN SENTENCING DEFENDANT TO MULTIPLE INDEFINITE SENTENCES PURSUANT TO THE REAGAN-TOKES ACT.**

{¶7}    This court utilizes R.C. 2953.08(G) as the standard of review in all felony sentencing appeals.  *State v. Michaels*, 7th Dist. Mahoning No. 17 MA 0122, 2019-Ohio-497, ¶ 2, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

{¶8}    R.C. 2953.08(G) states in pertinent part:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The appellate court's standard for review is not whether the sentencing court abused its discretion.  The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2)(a)-(b).

{¶9}    "Applying the plain language of R.C. 2953.08(G)(2), [the Supreme Court of Ohio held] that an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial

court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum*, *supra*, at ¶ 1.

**{¶10}** In this case, Appellant alleges the trial court erred in imposing multiple indefinite sentences on the qualifying felonies, specifically taking issue with the two year (minimum) to three year (maximum) sentence on count seven, aggravated possession of drugs, a felony of the second degree. *See* (2/20/2024 Appellant's Brief, p. 3). Appellant believes the court was only permitted to impose a single indefinite sentence under R.C. 2929.144, "Determining maximum prison term," which states in part:

(B) The court imposing a prison term on an offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree shall determine the maximum prison term that is part of the sentence in accordance with the following:

(1) If the offender is being sentenced for one felony and the felony is a qualifying felony of the first or second degree, the maximum prison term shall be equal to the minimum term imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code plus fifty per cent of that term.

(2) If the offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that some or all of the prison terms imposed are to be served consecutively, the court shall add all of the minimum terms imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree that are to be served consecutively and all of the definite terms of the felonies that are not qualifying felonies of the first or second degree that are to be served consecutively, and the maximum term shall be equal to the total of those terms so added by the court plus fifty per cent of the longest minimum term or definite term for the most serious felony being sentenced.

(3) If the offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that all of the prison terms imposed are to run concurrently, the maximum term shall be equal to the longest of the minimum terms imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree for which the sentence is being imposed plus fifty per cent of the longest minimum term for the most serious qualifying felony being sentenced.

R.C. 2929.144(B)(1)-(3).

{¶11} "However, while R.C. 2929.144 governs the calculation of the maximum term, R.C. 2929.14(A) governs the imposition of indefinite sentences." *State v. McLoyd*, 8th Dist. Cuyahoga No. 112107, 2023-Ohio-3971, ¶ 65, citing *State v. Wilson*, 8th Dist. Cuyahoga No. 111755, 2023-Ohio-1042, ¶ 68.

{¶12} R.C. 2929.14 states in part:

(A) Except as provided in division (B)(1), (B)(2), (B)(3), (B)(4), (B)(5), (B)(6), (B)(7), (B)(8), (B)(9), (B)(10), (B)(11), (E), (G), (H), (J), or (K) of this section or in division (D)(6) of section 2919.25 of the Revised Code and except in relation to an offense for which a sentence of death or life imprisonment is to be imposed, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a prison term that shall be one of the following:

(1)(a) For a felony of the first degree committed on or after March 22, 2019, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of three, four, five, six, seven, eight, nine, ten, or eleven years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code, except that if the section that criminalizes the conduct constituting the felony specifies a different minimum term or

penalty for the offense, the specific language of that section shall control in determining the minimum term or otherwise sentencing the offender but the minimum term or sentence imposed under that specific language shall be considered for purposes of the Revised Code as if it had been imposed under this division.

* * *

(2)(a) For a felony of the second degree committed on or after March 22, 2019, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code, except that if the section that criminalizes the conduct constituting the felony specifies a different minimum term or penalty for the offense, the specific language of that section shall control in determining the minimum term or otherwise sentencing the offender but the minimum term or sentence imposed under that specific language shall be considered for purposes of the Revised Code as if it had been imposed under this division.

R.C. 2929.14(A)(1)(a) and (2)(a).

**{¶13}** In *Wilson*, the appellant similarly argued that the trial court could only impose a single maximum term under R.C. 2929.144(B)(3). *Wilson, supra,* at ¶ 68. Our sister Court found the appellant's argument lacked merit, holding:

Pursuant to R.C. 2929.14(A)(1)(a), for a qualifying felony offense, the trial court is required to impose a stated minimum term and a maximum term determined by the mathematical formula set forth in R.C. 2929.144 * * * [and] the court * * * complied with the statutory requirements when imposing indefinite sentences on the four concurrent counts.

*Id.* at ¶ 69.

**{¶14}** Like *Wilson*, the record in the case at bar also reflects no sentencing error. Here, the trial court sentenced Appellant on counts one, two, and seven to indefinite terms under the Reagan Tokes Law. On counts one and two, felonies of the first degree, the court imposed stated minimum sentences of four years and calculated maximum terms of six years (four times 50 percent equals two, four plus two equals six). On count seven, a felony of the second degree, the trial court imposed a stated minimum sentence of two years and a calculated maximum term of three years (two times 50 percent equals one, two plus one equals three). The counts were ordered to be served concurrently. Appellant argues that the court can only impose a single maximum term under R.C. 2929.144(B)(3), which again states in pertinent part:

> If the offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that all of the prison terms imposed are to run concurrently, the maximum term shall be equal to the longest of the minimum terms * * * plus fifty per cent of the longest minimum term for the most serious qualifying felony being sentenced.

R.C. 2929.144(B)(3).

**{¶15}** "By using the singular noun 'term,' the statute appears to require the trial court to impose only one maximum term for all the concurrent counts." *Wilson, supra,* at ¶ 68. "However, while R.C. 2929.144 governs the *calculation* of the maximum term, R.C. 2929.14(A)(1)(a) [and (2)(a) govern] the *imposition* of indefinite sentences." (Emphasis sic.) *Id.*

**{¶16}** Again, R.C. 2929.14(A)(1)(a) and (2)(a) state in pertinent part:

> (1)(a) For a felony of the first degree committed on or after March 22, 2019, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of three, four, five, six, seven, eight, nine, ten, or eleven years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code * * *.
>
> * * *

(2)(a) For a felony of the second degree committed on or after March 22, 2019, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code * * *.

R.C. 2929.14(A)(1)(a) and (2)(a).

{¶17} Pursuant to R.C. 2929.14(A)(1)(a) and (2)(a), for qualifying felony offenses of the first and second degree, the trial court imposed stated minimum terms and maximum terms determined by the mathematical formula set forth in R.C. 2929.144, within the statutory ranges. The court complied with the statutory requirements in imposing indefinite sentences on the concurrent counts. Accordingly, Appellant's sentence is not contrary to law. *See* R.C. 2953.08(G).

## CONCLUSION

{¶18} For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The October 24, 2023 nunc pro tunc judgment of the Columbiana County Court of Common Pleas sentencing Appellant to an indefinite prison term for felonious assault, failure to comply with an order or signal of a police officer, aggravated possession of drugs, possession of cocaine, and OVI following a guilty plea is affirmed.

Robb, P.J., concurs.

Hanni, J., concurs.

Case No. 23 CO 0050

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**