[Cite as *State v. Hurley*, 2025-Ohio-5432.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2024-CA-25 |
| Appellee | : | |
| | : | Trial Court Case No. 2024 CR 078 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| BLAYDEN JAMES DANIEL HURLEY | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on December 5, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

MICHAEL L. TUCKER, JUDGE

LEWIS, J., and HANSEMAN, J., concur.

RICHARD L. KAPLAN, Attorney for Appellant
SAMANTHA B. WHETHERHOLT, Attorney for Appellee

TUCKER, J.

{¶ 1} Bladen James Daniel Hurley appeals from his convictions of aggravated vehicular assault and operating a motor vehicle while under the influence of alcohol ("OVI").

{¶ 2} Hurley challenges the trial court's failure to find his offenses subject to merger as allied offenses of similar import. He also claims the record does not support the trial court's imposition of a five to seven-and-a-half-year prison sentence for aggravated vehicular assault.

{¶ 3} We conclude that merger did not apply and that the record supports the challenged sentence. Accordingly, the trial court's judgment is affirmed.

**I. Background**

{¶ 4} A grand jury indicted Hurley on two counts of OVI, two counts of improperly handling a firearm in a motor vehicle, one count of aggravated vehicular assault, and one count of vehicular assault. The charges stemmed from Hurley crashing his vehicle into a tree and injuring a passenger on June 9, 2024 after drinking and tubing on a nearby river. The weapons charges involved two firearms discovered in his car at the scene. He pled guilty to aggravated vehicular assault, a second-degree felony, and one count of OVI, a first-degree misdemeanor, in exchange for dismissal of the other charges. He also agreed to forfeit certain property. Finally, he agreed to pay court costs and court-appointed legal fees. The trial court accepted the plea agreement and made findings of guilt.

{¶ 5} The case proceeded to an October 23, 2024 sentencing hearing. Based on its review of the record, including a presentence investigation report, the trial court imposed an indefinite prison sentence of five to seven-and-a-half years for aggravated vehicular assault and a concurrent six-month jail term for OVI. Hurley timely appealed, advancing two assignments of error.

## II. Analysis

{¶ 6} The first assignment of error states:

**THE TRIAL COURT VIOLATED MR. HURLEY'S DOUBLE JEOPARDY RIGHTS WHEN IT HELD HIS PLEAS TO OVI AND AGGRAVATED VEHICULAR ASSAULT WERE NOT CRIMES OF SIMILAR IMPORT SO AS TO BE MERGED.**

{¶ 7} Applying a familiar three-part test from *State v. Ruff*, 2015-Ohio-995, Hurley contends the trial court erred in failing to merge OVI and aggravated vehicular assault as allied offenses of similar import. He asserts that the existence of an OVI offense was an element of aggravated vehicular assault. He argues that both offenses involved the same act committed at the same time and that the only motive for both offenses "was to drive to a specific place." As a result, Hurley claims that merger applied and that he should have been sentenced for one offense.

{¶ 8} Upon review, we conclude that the trial court correctly declined to merge the two offenses. In *State v. Earley*, 2015-Ohio-4615, the Ohio Supreme Court applied *Ruff* and rejected the argument Hurley raises. It held that OVI and aggravated vehicular assault do not merge because they are "of dissimilar import and significance." *Id*. at ¶ 13. "[A]ggravated vehicular assault necessarily involves causing serious physical harm to another person," whereas OVI "occurs any time an individual drives under the influence of alcohol or drugs,

3

and one who does so commits this offense regardless of any subsequent consequences that occur due to the impaired driver's actions." *Id*. at ¶ 15. The *Earley* court found that "[t]here is a legitimate justification for criminalizing each of these offenses separately, and R.C. 2941.25 permits separate convictions for both pursuant to the test set forth in *Ruff*." *Id*. Accordingly, the first assignment of error is overruled.

{¶ 9} The second assignment of error states:

**THE TRIAL COURT ERRED WHEN IT SENTENCED MR. HURLEY TO A PRISON SENTENCE MINIMUM OF FIVE (5) YEARS TO A MAXIMUM OF SEVEN AND ONE-HALF (7.5) YEARS ON THE CONVICTION FOR AGGRAVATED VEHICULAR ASSAULT.**

{¶ 10} Hurley challenges the trial court's imposition of a five to seven-and-a-half-year prison sentence for aggravated vehicular assault. He argues that the sentence was imposed based on improper considerations, including (1) his involvement in an unrelated 2001 traffic accident, (2) an unsupported finding that he had two prior convictions for driving under financial-responsibility suspension, and (3) an undocumented finding that his blood-alcohol content in this case was .195 g/210L. He also argues that the trial court did not adequately consider his prior law-abiding life or the fact that the injured victim in this case also had been drinking and voluntarily got into his car. Hurley raises his sentencing argument in the context of R.C. 2929.12, which identifies factors for a trial court to consider that tend to make an offense more or less serious and recidivism more or less likely.

{¶ 11} "When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2)." *State v. Evans*, 2023-Ohio-3656, ¶ 8 (2d Dist.), citing *State v. Marcum*, 2016-Ohio-1002, ¶ 7. "Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for

4

resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain statutes . . . or (2) the sentence is otherwise contrary to law." *Id*., citing *Marcum* at ¶ 9. The two subsections involved are R.C. 2953.08(G)(2)(a) and (b).

{¶ 12} We note that R.C. 2953.08(G)(2)(a) "does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record" under R.C. 2929.12. *State v. Bryant*, 2022-Ohio-1878, ¶ 22. Because R.C. 2929.12 is not among the statutes listed in R.C. 2953.08(G)(2), we may not "look behind" a trial court's sentencing decision to determine whether the record supports its analysis of the statutory seriousness and recidivism factors. *State v. Orr*, 2024-Ohio-4707, ¶ 12 (2d Dist.).

{¶ 13} A sentence also generally is not "contrary to law" under R.C. 2953.08(G)(2)(b) even if the record fails to support a trial court's analysis of the seriousness and recidivism factors. *Id*. at ¶ 13. An exception applies where a trial court relies on "'factors or considerations that are extraneous to those that are permitted'" by R.C. 2929.12. *Id*. at ¶ 14, quoting *Bryant* at ¶ 22. Such extraneous factors or considerations would include materially false information. *Id*.

{¶ 14} Here the trial court correctly found a prison term mandatory for aggravated vehicular assault under R.C. 2903.08(D)(1). Although no specific findings were required under R.C. 2929.12, it proceeded to identify several facts it found relevant to the seriousness of Hurley's offenses and the likelihood of recidivism. They included (1) his involvement in a 2021 accident in which he lost control of his vehicle and hit a tree, (2) the existence of two prior financial-responsibility suspensions, (3) the present offenses occurring while Hurley's driving privileges were suspended, (4) Hurley having a blood-alcohol content of .195 g/210L at the time of his current accident, (5) a passenger in Hurley's car continuing to suffer

5

physical consequences from the crash, (6) the present offenses being likely to recur, as evidenced by Hurley's long history of alcohol use, drinking on the job, plans to continue drinking, and bond violations for drinking and using marijuana and opioids, (7) Hurley continuing to drive with a suspended license, and (8) a lack of genuine remorse.

{¶ 15} The foregoing findings are supported by Hurley's admissions to the trial court and a presentence investigation report. Hurley admitted multiple alcohol and drug-related bond violations at a pretrial hearing, a plea hearing, and a sentencing hearing. He also admitted during his plea hearing that his current accident occurred while his driving privileges were suspended. He admitted during the pretrial hearing that he had consumed alcohol while the present case was pending. Hurley admitted at sentencing that he continued to test positive for drugs. He also admitted to his involvement in a 2021 car accident where he hit a tree. The presentence investigation report included references to two prior financial-responsibility suspensions out of Bellefontaine Municipal Court. The report also included information about Hurley's passenger continuing to experience physical problems due to the accident and information supporting a finding that he lacked genuine remorse. The report additionally contained information supporting a finding that the present offense was likely to recur, including statements from Hurley about planning to continue drinking and using marijuana. Although the report did not include a reference to Hurley's specific blood-alcohol content at the time of the accident, the prosecutor reported at sentencing that he "blew a .195 on the breathalyzer." Defense counsel did not challenge this statement or object to it. In any event, the presentence investigation report included an admission by Hurley that he had been "very intoxicated."

{¶ 16} Although Hurley contends his 2021 car accident should not have been considered, the trial court reasonably concluded that it had some relevance. Hurley also

6

complains about the absence of court entries confirming his prior financial-responsibility suspensions. As noted above, however, those suspensions were referenced in the presentence investigation report. Hurley did not challenge the report's accuracy despite having had the ability to do so under R.C. 2951.03(B)(2).

{¶ 17} Hurley cites R.C. 4510.11(C) for the proposition that the State needed to produce actual written records proving the prior financial-responsibility suspensions. But that statute addresses the evidence required to prove the criminal offense of driving under suspension. Nothing in R.C. 4510.11 precluded the trial court from relying on the presentence investigation report when considering his prior financial-responsibility convictions for purposes of sentencing in this case. Hurley also cites R.C. 2903.08(B)(1)(a), but that provision simply elevated his conviction for aggravated vehicular assault to a second-degree felony based on his admission that he had a suspended license at the time of the current accident.

{¶ 18} Hurley next challenges the trial court's reference to a particular blood-alcohol content. As noted above, however, he did not object when the prosecutor referred to that number at sentencing. The presentence investigation report also contained his admission to being "very intoxicated" at the time of the current accident.

{¶ 19} As for Hurley's argument about his prior law-abiding life and the victim's voluntary decision to get into the car with him, the sentencing weight to be given to those matters was for the trial court to decide. Having reviewed the record, we see no grounds for vacating or modifying Hurley's sentence under R.C. 2953.08(G)(2). His second assignment of error is overruled.

### III. Conclusion

{¶ 20} The judgment of the Champaign County Common Pleas Court is affirmed.

7

. . . . . . . . . . . . .

LEWIS, J., and HANSEMAN, J., concur.